SEWALL A. DINSMORE *et al*, in equity, *vs.* ELBRIDGE G. SAVAGE *et al.*

Somerset.    Decided May 8, 1878.

*Mortgage.   Deed.   Costs.   Covenants.*

The fact that a mortgagee in possession first conveyed the land with a covenant against incumbrances, and then took the mortgage, under which he holds possession, as security for a portion of the purchase money, will not render him chargeable with rent, or for damages equal to rent, for a period of time during which a third party held possession of the land without right and without the consent of the mortgagee, such possession not constituting an incumbrance within the meaning of the law, or a breach of the covenant against incumbrances.

When a mortgagee has, upon demand, rendered a true account of the amount due upon the mortgage, a bill in equity to redeem cannot be maintained, unless the plaintiff first tenders to the mortgagee the amount due, or is prevented from so doing through the fault of the mortgagee.

If the plaintiff prevails in a suit in equity to redeem land under mortgage, he recovers costs as a legal right, the law in this respect having been changed since the decision in *Bourne* v. *Littlefield,* 29 Maine, 302.

BILL IN EQUITY, to redeem land mortgaged, alleging that, August 17, 1872, the plaintiffs demanded of the defendants a true account of the sum due on the mortgage, and of the rents and profits, and the money expended by them in repairs and improvements, to the end that the plaintiffs might redeem the premises from the mortgage, and that the defendants neglected and refused to render such an account.    The defendants in their answer state that, August 29, 1872, they gave to the plaintiffs a statement in writing, according to their best knowledge and belief, of the amount then due after deducting the rents and income received after May 7, 1869, and allowing what they had necessarily expended in repairs and improvements, which amount was $849.43. The master's report finds $394.22 due on the mortgage, June 6, 1873, unless the court should be of opinion that no rent from March 6, 1862 to May 7, 1869 should be allowed to reduce the mortgage debt, in which case the amount due June 6, 1873, was $908.11.

The disallowance of the rent in reduction of the amount due

on the mortgage notes, and the reasons therefor, are stated in the opinion.

*J. H. Webster*, with *S. D. Lindsey*, for the plaintiffs.

*D. D. Stewart*, for the defendants.

WALTON, J. This is a bill in equity to redeem land mortgaged. The suit was commenced without a tender of the amount due upon the mortgage; and, to support it, the plaintiffs have averred, and the burden is upon them to prove, that the account which the defendants rendered of the sum due upon the mortgage was not a true account. This they have failed to do.

The only objection made to the account is that the defendants did not charge themselves with rent for a period of about seven years, during which time the land was held and occupied by one Thomas F. Chase.

The facts out of which this controversy arises, briefly stated, are these :

In 1862, one of the defendants (Savage) conveyed the land in question, by deed of warranty, to Charles Bean and Joseph Bean, taking back the mortgage, from which the plaintiffs claim to redeem, to secure the greater part of the purchase money. At the time of this conveyance, Thomas F. Chase was in possession of the land, claiming that he had an existing right to redeem it from a former mortgage given by him to Savage. This claim was unfounded, the mortgage having been legally foreclosed, as this court decided in *Chase* v. *Savage*, 55 Maine, 543. But Chase refused to surrender the land to either Savage or his grantees, and held it, in spite of all efforts to remove him, for more than seven years.

The plaintiffs contend that, under these circumstances, the defendants are chargeable with rent during the seven years that Chase occupied. They claim that Chase's possession at the time of the conveyance from Savage to the Beans was a breach of the covenant against incumbrances, and that they, (the plaintiffs) being now the owners of the right to redeem, by virtue of a title derived from the Beans, are entitled to have the defendants charged with rent or damages equal to the income of the land for

the seven years that Chase occupied, and to have that amount deducted from what would otherwise be due upon the mortgage.

The court is of opinion that there are several fatal objections to such a claim. First, if Chase's possession was a breach of the covenant against incumbrances, the plaintiffs have failed to aver or prove that they are entitled to the damages. True, an assignee may, under certain circumstances, recover such damages as the first grantee might. R. S., c. 82, § 15. But the plaintiffs fail to bring their case within the operation of this statute. Second, we fail to perceive why Smith, one of the defendants, is in any way responsible for the breach of the covenants in Savage's deed to the Beans. He is an assignee of one-half of the interest conveyed by the mortgage deed from them, but he was not a party to the deed to them. And, lastly, we do not think Chase's possession was a breach of the covenant against incumbrances. He was in possession without right. A naked possession without right is not an incumbrance within the meaning of the law. To create an incumbrance, the estate must be burdened with some right, or title, or interest, which the law will recognize and protect. The possession of a mortgagor, after foreclosure of the mortgage, is not such a right, or title, or interest. His possession is, at most, but a tenancy at sufferance, and may be terminated at any moment without a previous notice to quit.

To support a bill in equity to redeem real estate under mortgage, without first making a tender of the amount due upon the mortgage, the plaintiff must aver and prove that he has been prevented from making the tender by the default of the defendant. This default may consist in refusing or neglecting to render an account of the sum due upon the mortgage, when requested so to do ; or in rendering a false account. But when the defendant is guilty of neither, and has in no other way, by his default, prevented the plaintiff from performing or tendering performance of the conditions of the mortgage, a suit against him to redeem cannot be maintained. He cannot be mulcted in cost, and have the foreclosure of his mortgage indefinitely postponed, at the mere will and pleasure of the mortgagor, or those claiming under him, when he is himself in no fault. R. S., c. 90, § 13. *Willard* v. *Fiske,* 2 Pick. 540.

Formerly the court possessed a discretionary power in relation to costs in this class of suits. *Bourne* v. *Littlefield*, 29 Maine, 302. The law is now otherwise. It was changed in the revision of 1857. In fact, the whole law in relation to this class of suits was then materially changed; and the former decisions of the court can no longer be relied upon in ascertaining the present rights and liabilities of the parties. Compare R. S. of 1841, c. 125, § 16, with R. S. of 1857, c. 90, § 13, and R. S. of 1871, c. 90, § 13.

As the law now stands, no suit can be maintained without a tender, unless the defendant is in default in preventing such a tender. And if the bill is sustained, the present statute declares that the plaintiff "shall be entitled to judgment for redemption and costs." His right to costs is no longer discretionary—it is a strict legal right.

The conclusion to which we have arrived upon the merits renders it unnecessary to decide whether the suit was or was not seasonably commenced. The service of the writ in which the bill was inserted was after dark on the last day of the three years which would complete the foreclosure. It was then undoubtedly too late to make a tender. Whether it was too late to make service of the writ, it is unnecessary to decide.

*Bill dismissed with costs for defendants.*
*One bill of costs only.*

APPLETON, C. J., DICKERSON, BARROWS and PETERS, JJ., concurred.