## EMILY S. WELLES *vs.* WILLIAM H. RHODES.

Hartford Dist., Oct. T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS, SEYMOUR and TORRANCE, Js.

A cloud upon a title to land is something which shows some *primâ facie* right of a third person to the land.

The mere assertion of a claim, whether made orally or in writing, does not constitute such a cloud upon a title as a court of equity will remove.

A discovery is auxiliary or incidental to equitable relief, and if the relief is unattainable the discovery can answer no purpose.

Where the plaintiff prayed that the defendant be required to disclose the grounds of a claim which he made to land of which the plaintiff was in possession claiming title, and there was then pending an action brought by the defendant against the plaintiff for a trespass upon the same land, it was held that the plaintiff had adequate remedy at law in the opportunity to defend that suit, and that there was no need of equitable interference.

This was especially so, since under the Practice Act (Gen. Statutes, § 877), legal and equitable rights may be administered in the same suit, and under Rule 5, sec. 3, under the act, the withdrawal of the action would not impair the right of the defendant to prosecute any cross-complaint that had been filed.

It is an established principle in our law of civil procedure that two suits shall not be brought for the determination of matters in controversy between the same parties, whether relating to legal or equitable rights, where such determination can be had as effectually in one suit.

Whether, under the act of 1889 (Session Laws, ch. 22), all the discovery sought in the present suit could not have been obtained in the action at law:—*Quære.*

[Argued October 8th—decided December 15th, 1890.]

SUIT for the removal of a cloud upon a title, for a discovery, and for an injunction against the prosecution of an action at law; brought to the Superior Court in Hartford County. The principal allegations of the complaint were as follows :—

" 1. That the plaintiff is now, and for many years last past has been, the owner and possessor in fee simple of a certain piece of land in the town of Glastonbury, [giving the boundaries], which land is of the value of $1,000 and upwards.

" 2. The defendant now makes a claim that in some way he is entitled to an interest in some part of said land or the whole of it, but of what nature the interest which he claims therein is, or how it arises, the plaintiff is ignorant, and the defendant refuses to inform her.

" 3. The defendant has brought an action of trespass against the plaintiff and others, returnable to and now pending in the Court of Common Pleas in this county, claiming that the plaintiff has in some way injured the defendant's interest in said land, and threatens to bring other suits of the same character.

" 4. The said claim of the defendant is unfounded, and is a cloud upon the plaintiff's title and is an injury to her.

" The plaintiff asks that this court would require the defendant to set out in his answer the nature of his claim in said property, if any he has, and that if this court should find that he has no claim, it should so decree, and enjoin the defendant from pursuing said suit in said Court of Common Pleas, and issue a temporary injunction to restrain the defendant from proceeding in said suit until the determination of this case."

The defendant demurred to the complaint, and the court (*Thayer, J.*), sustained the demurrer and rendered judgment for the defendant. The plaintiff appealed.

*C. E. Perkins*, for the appellant.

1. The first ground of demurrer is that the facts stated in the complaint do not show any cloud cast by the defendant on the plaintiff's title, and do not constitute a cause of action. The material allegations of the complaint are that the plaintiff owns and possesses the land, and the defendant claims to have an interest in it, and has brought an action of trespass for injury to his right. That this is a ground for equitable relief is well settled. *City of Hartford* v. *Chipman*, 21 Conn., 488 ; *Holland* v. *Challen*, 110 U. S. R., 24.

2. The second ground of demurrer is based wholly upon the assumption that to constitute a cloud upon the title to land, it is necessary that there should be some written in-

strument upon record, which on its face casts a doubt upon the validity of the plaintiff's title. This assumption is utterly unfounded. It seems to be based upon the idea that all conveyances not upon record are of no effect as against the plaintiff; but this is not so. There are many cases where deeds need not be upon record, and may yet be valid. If this land came to the plaintiff from her father, or any one else, by will or distribution, she would be bound by a previous deed from them to the defendant, though it was not on record; so if the deed to her were a voluntary deed without consideration; so a deed from herself not on record would be valid against her. It is only where an owner is a purchaser for valuable consideration that a deed from some prior owner has to be placed on record to be valid. This is sufficient to show that the claim of the defendant that as matter of law every cloud upon title must be a deed on record, and therefore the plaintiff is affected with knowledge of it, is unfounded. This second reason of demurrer is really a demurrer to the disclosure asked for by way of relief rather than to the complaint itself. It seems to be founded upon an idea that a court of equity will not interfere to remove a cloud, except where the plaintiff knows exactly what the cloud is, and sets it up in his complaint. This presents the question whether courts of equity in this state can order a discovery from a person claiming an interest in lands, of the nature of his claim, and grant relief if it be unfounded. This complaint was brought relying on the decision in *Chipman* v. *City of Hartford*, 21 Conn., 488. The court below, upon a disclosure and hearing, found that the city had no lien, and decreed that its claim was invalid. The city brought a motion in error to this court, which held that the plaintiffs were entitled to a discovery as to the grounds of the defendant's claim, and to relief, and say on page 497 :—" This bill does not ask for the bare cancellation of a deed. The city of Hartford had instituted certain proceedings which they claimed had resulted in fixing a lien upon the property of the plaintiffs; it insisted upon the lien, and the plaintiffs had right to suppose from some other cause or reason than

the records here produced disclosed. * * * The bill asks for a discovery, not frivolously but for the purposes of information, of the grounds of the continued claim of the defendants, and to compel them to relinquish it if no lien existed." In that case, as here, the city made a claim of lien on the premises, of the precise nature of which the plaintiff was ignorant. There were certain votes existing in relation to a sidewalk, but the plaintiffs alleged that no legal lien was created by them, and asked that the city disclose what its real claim was. The court sustained them in this, and said that they were entitled to know what the grounds of the claim of the city were, and if no valid ones existed, to a decree to that effect. The conclusion seems irresistible, that if Chipman was entitled to a discovery, we are entitled to one.

3. The last reason of demurrer is that the plaintiff has a remedy at law in the action of trespass in the Court of Common Pleas. This point is effectually settled by the decision in *Buxton* v. *Broadway*, 45 Conn., 540, which was a petition to cancel a note, on which a suit was then pending. The same defense was set up, that the plaintiff might set up his defence in that action, but the court overruled it, and said :— " The suit is under the entire control of the respondent, who may withdraw it at any time before the verdict of a jury, or a finding of the facts by the court. * * * It is clear, therefore, that we cannot take into account the fact that there is a suit at law now pending between the parties in determining whether the petitioner's remedy at law is obvious, adequate and complete. On that question we can consider only what means of redress the law furnishes to the petitioner, and not what he may chance to get through the indulgence of the respondent." As the plaintiff is in possession, she cannot bring ejectment against the defendant, and it is clear that she has no remedy at law which she can avail herself of without being liable to have it destroyed by the act of the respondent.

*C. H. Briscoe* and *J. P. Andrews*, for the appellee.

1. The complaint discloses no cloud upon the plaintiff's title. *Waterbury Sav. Bank* v. *Lawler*, 46 Conn., 248; *Houlihan* v. *Keller*, 34 Minn.; 407; *Speigle* v. *Meredith*, 4 Biss., 120; *Parker* v. *Shannon*, 121 Ill., 452; *Nickerson* v. *Loud*, 115 Mass., 97; *First African Methodist So.* v. *Brown*, 147 id., 296.

2. The legal remedy is adequate and complete. The question of title could have been tried in the action at law. Gen. Statutes, §§ 665, 1117; *Lamb* v. *Beebe*, 10 Conn., 326; *Chatham* v. *Brainerd*, 11 id., 60; *Price* v. *Lyon*, 14 id., 279; *Brown* v. *Wheeler*, 17 id., 345; *Read* v. *Leeds*, 19 id., 182; *Roath* v. *Driscoll*, 20 id., 533; *Wolcott* v. *Robbins*, 26 id., 236; *Munson* v. *Munson*, 28 id., 586; *Bristol Mfg. Co.* v. *Barnes*, 54 id., 53; *Brewer* v. *Calumet & Chicago Canal Co.*, 123 Ill., 104; *Nickerson* v. *Loud*, 115 Mass., 94.

3. If the plaintiff is entitled to any equitable relief the Court of Common Pleas has power under the Practice Act to grant it in the suit for trespass. Gen. Statutes, §§ 722, 723, 724, 726. All the discovery sought can be had under the act of 1889. Session Laws, 1889, ch. 22. Where the bill fails to state grounds for equitable relief the prayer for a discovery must fail. *Middletown Bank* v. *Russ*, 3 Conn., 140; *Stannard* v. *Whittlesey*, 9 id., 559; *Nor. & Worcester R. R. Co.* v. *Storey*, 17 id., 371; 1 Story Eq. Jur., §§ 74, 74c.

TORRANCE, J. The complaint in this case alleges that the plaintiff is the owner and possessor in fee simple of certain lands in the town of Glastonbury; that "the defendant now makes a claim that in some way he is entitled to an interest in some part of said land, or in the whole of it, but of what nature the interest which the defendant claims therein is, or how it arises, the plaintiff is ignorant, and the defendant refuses to inform her;" that the defendant has brought an action of trespass against the plaintiff and others, returnable to and now pending in the Court of Common Pleas in Hartford County, "claiming that the plaintiff has in some way injured the defendant's interest in said land, and threatens to bring other suits of the same character;"

that said claim of the defendant is unfounded, and is a cloud upon her title and an injury to her; and prays that the defendant be required to set out in his answer the nature of his claim on said property, if any he has, and if he is found to have none, that the court should so decree, and enjoin the defendant from further prosecuting it, and enjoin the prosecution of the suit aforesaid until the determination of this case. To this complaint and to the relief sought the defendant on divers grounds demurred, and the only error alleged is that the court sustained the demurrer to the complaint.

Although the demurrer, as suggested in the plaintiff's brief, in some of its paragraphs is not perhaps as full and specific as the law requires, yet as no notice of this was taken in the court below, any objection on that score comes too late. Besides, we think, taken as a whole, the demurrer fairly raises two objections to the complaint, which if either be well taken fully justified the action of the court below.

The first is, that even if the complaint states any case calling for equitable relief, it also shows that such relief could be had as effectually in the pending suit in the Court of Common Pleas as in the Superior Court. The second is, that the complaint states no sufficient ground for any equitable relief. These objections will be considered in the order here stated.

It is now an established principle in our law of civil procedure that two suits shall not be brought for the determination of matters in controversy between the same parties, whether relating to legal or equitable rights, or to both, when such determination can be had as effectually and properly in one suit. In the interest of the state and of all parties concerned this principle should be inflexibly maintained. To this end the law provides that all courts having jurisdiction at law and in equity, may " administer legal and equitable rights, and apply legal and equitable remedies in favor of either party, in one and the same suit, so that legal and equitable rights of the parties may be enforced and protected in one action." Gen. Statutes, § 877. It further pro-

vides that "in cases where the defendant has either in law or in equity, or in both, a counter-claim or right of set-off against the plaintiff's demand, he may have the benefit of any such set-offs or counter-claims by pleading the same as such in his answer and demanding judgment accordingly." Gen. Statutes, § 876.

The rules under the Practice Act provide that "cross-complaints of the nature of cross-bills in equity, touching matters in question in the original complaint, may be filed by the defendant in any action, whether such action be for legal or equitable relief." Rule IV., sec. 8. Also that " counter-claims for equitable relief of the nature of cross-bills in equity, may be pleaded by themselves and may be known as cross-bills in equity." Rule V., sec. 1.

Under these provisions we think the plaintiff might obtain, in the suit pending in the Common Pleas Court, relief as full, adequate and complete as the Superior Court could grant in the case at bar. If this be so it furnishes a decisive reason why the Superior Court should dismiss the complaint. The plaintiff however says that her remedy in the Court of Common Pleas is not adequate and complete, because the plaintiff, in the suit pending in that court, may at any time, without her consent, withdraw his suit and leave her remediless, and cites the case of *Buxton* v. *Broadway*, 45 Conn., 540, in support of this claim. It should be remembered, however, that the case cited was decided before the Practice Act was passed.

One of the rules under the Practice Act now provides that " the withdrawal of an action after a cross-complaint or counter-claim, whether for legal or equitable relief, has been filed therein, shall not impair the right of the defendant to prosecute such cross-complaint or counter-claim as fully as if said action had not been withdrawn." Rule V., sec. 3. Under this rule the present plaintiff would have had full control of the proceedings to enforce her equitable rights in the Court of Common Pleas, and, if so, she has adequate remedy therein. " If the petitioner could compel the respondent to prosecute to final judgment the suit he

has commenced on the note in question, then it might be said with truth that he has adequate remedy at law." *Buxton* v. *Broadway*, 45 Conn., 540.

In the case at bar, inasmuch as the present plaintiff could prosecute to final judgment in the Common Pleas Court any proper claim for equitable relief which she may file therein, even though the present defendant should withdraw his suit, it may be said with truth that she has adequate remedy in that tribunal. Under these circumstances we see no good reason why the Superior Court, as a court of equity, should be called upon to grant relief in a second suit, involving additional expense and delay to all concerned, when relief just as ample and adequate can be had more quickly and cheaply in the first suit in the Court of Common Pleas. If the trespass suit had been pending in the Superior Court instead of the Court of Common Pleas, it cannot be successfully contended that the institution of the present suit would have been necessary, and there is just as little necessity for its institution because the trespass case is pending in the Common Pleas Court.

Whenever in such cases it clearly appears to the court to which the second suit is brought, that adequate and complete relief can and should be had in the first suit, it will be justified in refusing to interpose by way of equitable relief, and in dismissing the second suit, even though no objection be interposed. On this ground alone, therefore, we think the court below was justified in dismissing the complaint.

Inasmuch as the objection just considered disposes of the case, it is perhaps unnecessary to consider the other objection, that the complaint states no case for equitable relief, but as the point was fully argued before us, and may be brought before the Common Pleas Court in the suit there pending, we will consider that point also briefly. Let us consider it as if no suit at law had been pending between these parties when the present suit was brought.

The complaint in question cannot be regarded as one brought merely to remove a cloud from a title, for it states no facts which show, or tend to show, the existence of any

cloud which a court of equity will remove. " A cloud upon one's title is something which shows *primâ facie* some right of a third person to it." *Waterbury Savings Bank* v. *Lawler*, 46 Conn., 245. Ordinarily such a cloud may be caused by the existence of such documents or such a state of facts as *primâ facie* show, either alone or with the aid of extrinsic facts, some right adverse to the title of the party seeking relief, and which documents or state of facts may be used in evidence of such adverse right.

The present complaint alleges " that the defendant now makes a claim that in some way he is entitled to an interest in some part of said land or in the whole of it," but this is merely a statement that the defendant asserts some sort of a claim to the land. The mere assertion of a claim to real estate, whether made orally or in writing, does not constitute such a cloud upon title as a court of equity will remove. *Nickerson* v. *Loud*, 115 Mass., 97 ; *Parker* v. *Shannon*, 121 Ill., 452. It is true the complaint alleges that the claim of the defendant is a cloud upon her title, but this allegation, without a statement of the facts upon which it is based, is not enough. Regarded then merely as a complaint to remove a cloud from title, the complaint in question is clearly demurrable ; but it is also apparent that the plaintiff did not intend it to be, and that it is not to be, so regarded. The plaintiff alleges that she is ignorant of the nature and origin of the defendant's claim, and that he refuses to inform her thereof, and for this reason she cannot set it forth in the complaint. The real claim for the relief sought is based upon the right to a discovery, and the state of facts which it may reveal.

Regarding the complaint then as one for discovery and relief, is the plaintiff, upon the facts stated in the complaint, leaving out of view the pendency of the other suit, entitled to the aid of a court of equity ? ` She seeks a discovery in order to ascertain whether a right claimed by the defendant is based upon such facts as will make it a cloud upon her title. If she is not entitled to the relief she seeks she cannot have the discovery, " because the discovery is auxiliary or inci-

dental to the relief, and if the relief is unattainable the discovery can answer no imaginable purpose." *Middletown Savings Bank* v. *Russ*, 3 Conn., 140.

The complaint shows that the defendant claims some right in the land adverse to the plaintiff. The plaintiff says she has the title in fee simple, and is in possession, and that the defendant's claim is without foundation. She does not claim that she cannot use her title in evidence effectively against any claim or right which the defendant may attempt to set up, or that a discovery is necessary to enable her to do so. On the other hand, for aught that appears to the contrary, her title and possession constitute a complete defence to any claim the defendant may assert. If the discovery were had it would, upon the plaintiff's claim, merely show that there was a cloud upon her title, and she does not show that she has been or can be legally injured or prejudiced in any way thereby. It is true she states that "said claim is an injury to her," but this is not enough. No facts are stated from which the court can see that she is or may be legally injured by the existence of such a cloud.

It does not necessarily follow that if the court below had taken jurisdiction for purposes of discovery, it would have retained it for the relief sought. *Middletown Savings Bank* v. *Russ, supra.* In the case at bar there is involved no question of fraud, accident, mistake or account. For aught that now appears, or could appear upon a full discovery, the defendant claims a right in the land which he might in good faith seek to enforce in a suit at law, and which he in good faith believes he possesses. He has a right to have the matter tried by a jury if he so desires. A court of equity will refuse to settle doubtful or to try legal titles, unless in special and exceptional cases, where the party invoking its aid has no other adequate mode of redress. *Roath* v. *Driscoll*, 20 Conn., 539 ; *Wolcott* v. *Robbins*, 26 id., 236.

Under these circumstances the power to remove a cloud from a title and to restrain by injunction the prosecution of a suit at law, " is not exercised as a matter of course, nor under any universal principle of law requiring its exercise.

It is preventive, as we have said, and very much must depend upon the extent and imminence of the danger threatened and the view which will be taken of the case by a discreet judge." *Munson* v. *Munson*, 28 Conn., 586. " The injury to be apprehended therefore is by no means irreparable, and the court might well act upon its discretion and deny the injunction." *Waterbury Savings Bank* v. *Lawler*, 46 Conn., 246.

Thus, even if we leave out of view the fact of the pending trespass suit and assume that the discovery asked for had been obtained, still even then the court below would have been justified in dismissing the complaint. If then we take into account the fact that the complaint shows a suit pending and apparently being prosecuted in good faith, the trial of which will speedily and effectually settle the question of title in dispute, it affords an additional reason, if one were necessary, why a court of equity should refuse to interfere by injunction.

And as to the discovery sought, it is very doubtful whether the plaintiff could not have obtained, under the provisions of chapter 22 of the Public Acts of 1889, all that she seeks here by way of discovery.

We have been referred to no case, nor do we know of any, where equitable relief of the kind here sought has been granted under circumstances at all similar to those stated in the complaint. The plaintiff relies upon the authority of *Chipman* v. *City of Hartford*, 21 Conn., 488, but the two cases are widely different. In that case the statute laws relating to the city of Hartford gave the common council power to order the owners of land fronting on streets to build sidewalks at their own expense. If the orders were not obeyed the city might perform the work, and in such case the expense became, by force of the statute, " a lien or real incumbrance " on the land, which could be foreclosed " as if said land * * * were mortgaged to said city." No certificate of lien was required to be filed anywhere. Under this statute the city had instituted certain proceedings which it claimed resulted in a lien upon the land under the statute. Whether

it had such a lien depended upon whether it had pursued all the necessary steps pointed out by the statute. Whether it had done so was to be proved partly by written evidence and partly by evidence not written, and all peculiarly within the knowledge of the city officials, and, from the nature of the case, probably nothing short of legal proceedings could effectually determine the question. Parties dealing with the property were affected by the lien, if one existed, and yet they had no means of knowing whether it existed or not. The city had neglected and refused to enforce its claim in any proceeding for years, and could not be compelled to do so, and yet it insisted that such a lien existed. In the meantime the plaintiffs had conveyed the land with the usual covenants, but the grantees, hearing of this claim of the city, refused to pay all of the purchase money until the lien was removed.

The bill set out these facts and asked for a disclosure of the grounds of this claim for a lien, that the premises be discharged therefrom if none existed, and that the plaintiff be allowed to redeem if it did exist. The bill itself showed the existence of a claim whose validity, which the city insisted upon, could only be settled in a suit of some kind, and which, whether valid or not, was working the plaintiffs an actual present injury, for which they had no redress except in the suit they had brought. This presented a very strong case for equitable interposition.

The case at bar shows no *primâ facie* adverse right, and if the discovery should show one, states no present actual legal injury resulting therefrom, and does show that the remedy invoked here is by no means the only one the plaintiff has, and that she is amply prepared, without the aid of a court of equity, to successfully vindicate her rights. In many important respects therefore the case at bar differs very materially from the case cited, and the latter was decided upon grounds rightfully calling for equitable relief which are not present in the case at bar.

There is no error in the judgment of the court below.

In this opinion the other judges concurred.