MARY A. BOWERS *vs.* NARRAGANSETT REAL ESTATE COMPANY.

JUNE 18, 1907.

PRESENT: Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Covenants of Warranty against Incumbrances.   Curbstones.*

A declaration in an action of covenant for breach of warranty against incumbrances in which plaintiff seeks to recover as damages the amount alleged to have been paid as the cost of certain curbstones set adjoining premises conveyed to plaintiff by defendant, to prevent estate of plaintiff being sold therefor, which contains no averment of any demand upon the abutting owner by the surveyor of highways under the provisions of Gen. Laws cap. 72, § 31, before the costs were certified to the tax assessors and included in the tax, is bad, but may be cured by amendment.

BLODGETT, J.   Section 31 of chapter 72 of the General Laws, concerning the proceedings for the recovery of the cost of setting curbstones, is as follows:

"Such costs shall be ascertained by the surveyor of highways, and be by him submitted to and be approved by the said town council, and then the surveyor of highways shall demand the same of such abutting owner, and if such owner shall neglect or refuse to pay the same, such surveyor of highways shall certify the costs, so ascertained and approved, to the assessors of taxes for the said town, and the assessors shall include the said costs of said curbstones, which sum shall be included in the next assessment of taxes for such town, against such land or the owner thereof."

The declaration in this action of covenant for breach of

warranty against incumbrances, in which the plaintiff seeks to recover as damages the amount she says she was compelled to pay, as the cost of certain curbstones set adjoining the premises conveyed to her by the defendant, to prevent her estate being sold therefor, contains no averment of any demand upon the abutting owner before the same were certified to the tax assessors and included in the defendant's tax. This demand is an essential prerequisite to a valid assessment, as therein specified, and the omission of such averment is fatal to the plaintiff's claim that she was compelled to pay the same.

Inasmuch as the omission may possibly be cured by amendment, the case will be remitted to the Superior Court with direction to set aside the judgment heretofore entered for the plaintiff and to grant leave to the plaintiff to amend her declaration in this respect if so advised within thirty days, and failing to do so to enter judgment for the defendant.

*Peter C. Cannon,* for plaintiff.

*Gardner, Pirce, and Thornley,* for defendant.

*William W. Moss,* of counsel.