GEORGE E. REED ET AL. *vs.* LETTIE W. STEVENS ET AL.

Third Judicial District, New Haven, June Term, 1919.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, Js.

Although the existence of a deed which is null and void may be a cloud upon the title to the premises, such deed does not impair seizin or the right to convey, nor does it constitute an incumbrance upon the property; and therefore it cannot be made the basis of a lawful claim for damages by a grantee against the grantor for a violation of the latter's covenants of warranty and against incumbrances.

Argued June 5th—decided July 16th, 1919.

SUIT to foreclose a mortgage for $1,000 upon real estate conveyed by warranty deed of the plaintiffs to the defendant Stevens prior to the giving of said

mortgage, brought to and tried by the Court of Common Pleas in Fairfield County, *Walsh, J.;* facts found and judgment rendered for the plaintiffs after deducting $300 from the amount of the mortgage indebtedness for damages sustained by the defendant Stevens because of an incumbrance upon the premises, and appeal by the plaintiffs for alleged error in making such deduction. *Error in allowing damages to the defendant Stevens.*

*Howard W. Taylor,* for the appellants (plaintiffs).

*Henry C. Wilson,* for the appellee (defendant Stevens).

GAGER, J. On January 25th, 1902, one James was the owner of the land described in the mortgage deed sought to be foreclosed, and upon that date a conservator of James was duly appointed, and this appointment continued until the death of James, May 13th, 1905. August 15th, 1903, James executed a deed of the land described in the mortgage to McNamara, who was made a party to this action. The plaintiffs obtained title to said lands upon the settlement of James' estate, in January, 1906. The plaintiffs, under an agreement with James made before the conservator proceedings, were in possession with James and continued in possession until November 21st, 1914, and on the latter date the plaintiffs sold and conveyed the lands to the defendant Lettie W. Stevens, upon the same day taking back a mortgage from Lettie W. Stevens to secure a note of $1,000, representing part of the purchase price. The plaintiffs all the time knew of the deed from James to McNamara, and the defendant Stevens became aware of the James deed prior to accepting her deed, but accepted the deed upon the representation of one of the plaintiffs that the lands

were free of incumbrance. In the foreclosure action the defendant Stevens counterclaimed for damages on account of the existence of the deed from James to McNamara, as a violation of the covenant against incumbrances. The counterclaim contained allegations of other incumbrances, but these were either not pressed, or removed from the case by agreement.

The court found the deed from James to McNamara, executed while James was incompetent, null and void, and that McNamara had no interest in the property, either legal or equitable, but held that their deed did violate the covenants against incumbrances in the deed from the plaintiffs to the defendant Stevens, allowed damages of $300 therefor, deducted this sum from the indebtedness on the mortgage note, and rendered a judgment of foreclosure for the balance. From this judgment the plaintiffs appeal. McNamara took no appeal, and the conclusiveness of the finding that the deed of James to him was null and void is not questioned.

The deed from the plaintiffs to the defendant was in the usual form of warranty deed, containing the following covenants, viz: "To have and to hold, the above granted and bargained premises, with the privileges and appurtenances thereof, unto her, the said grantee, her heirs and assigns forever, to them and their own proper use and behoof. And also, we the said grantors do for ourselves, our heirs, executors and administrators, covenant with the said grantee, her heirs and assigns, that at and until the ensealing of these presents we are well seized of the premises as a good indefeasible estate in fee simple, and have good right to bargain and sell the same in manner and form as is above written; and that the same is free from all incumbrances whatsoever. And furthermore, we the said grantors do by these presents bind ourselves and our heirs forever to warrant and defend the above granted and bargained

premises to her the said grantee, her heirs and assigns, against all claims and demands whatsoever."

Other facts are found, but in view of the conclusion reached their statement is unnecessary.

The first reason of appeal is stated as follows, viz: "That the court having sustained the first claim of law made by the plaintiffs, to wit, that the McNamara deed upon the facts found, was null and void, erred in overruling the second claim of law made by the plaintiffs, to wit: that the McNamara deed did not constitute in law a breach of the covenants in the warranty deed from the plaintiffs to the defendant Stevens."

This reason of appeal is well founded. The existence of a null and void deed does not impair seizin, is no impairment of the right to convey, and constitutes no incumbrance. It is a mere cloud upon the title. "The covenant of warranty is a contract by which the grantor of land undertakes to protect the land granted from all lawful claims and demands existing at the time of the grant, and the contract is made not only with his immediate grantee but with whomsoever may become the owner of the land by a title derived through the grantee. *Booth* v. *Starr*, 1 Conn. 244; *Mitchell* v. *Warner*, 5 Conn. 497; Rawle on Covenants for Title (4th Ed.) 334; 3 Washburn's Real Property (4th Ed.) 466; 2 Sugden on Vendors (Perkins's Ed.) 240. It is not necessarily an undertaking that there is no incumbrance on the land at the time, but it is an undertaking that the purchaser and his assigns shall at all times enjoy the land free from all such incumbrances. *Williams* v. *Wetherbee*, 1 Aiken (Vt.) 233; Rawle on Covenants (4th Ed.) 215; *Whitney* v. *Dinsmore*, 60 Mass. (6 Cush.) 124; *Russ* v. *Steele*, 40 Verm. 310." *King* v. *Kilbride*, 58 Conn. 109, 116.

The point of this is, that an incumbrance violating the covenant of warranty or against incumbrance must

be a lawful claim or demand enforceable against the grantee. In 15 Corpus Juris, p. 1234, it is said: "As now generally recognized by the courts a covenant against incumbrances is one which has for its object security against those rights to or interests in the land granted which may subsist in third persons to the diminution in value of the estate, although consistent with the passing of the fee." See also *Kelsey* v. *Remer*, 43 Conn. 129, citing Rawle on Covenants for Title, p. 94.

The covenant against incumbrances differs in its nature as a contract from the covenant of warranty, but the claims as to which both covenants are made are of the same nature. They must be lawful claims impairing the estate granted.

Some point is made in appellants' brief that because the apparent outstanding claim in McNamara was the entire title, therefore it could not be an incumbrance because inconsistent with the passing of the fee by the conveyance. McNamara's deed, if good, would have constituted a violation of the covenant of good right to bargain and sell, and eviction under it would have constituted a violation of the warranty clause. The distinction does not seem important in this case. A deed null and void *ab initio*, as is the real meaning of the finding, could furnish no basis of any lawful claim of any sort whether of a claim of whole title or of a subordinate enforceable interest. The court was therefore in error in holding that this null and void deed constituted a breach of any covenant in the deed, or furnished any basis for damages real or nominal.

The determination of this point disposes of the whole case and renders unnecessary any discussion of the remaining reasons of appeal, except, perhaps, the second, which is that the court also erred in over-

ruling the plaintiffs' claim that the McNamara deed, being null and void, did not constitute a cloud upon the plaintiffs' title when they deeded to the defendant Stevens. This action of the court, if construed as holding that the null and void deed was a cloud on the title, would have been inconsistent with the judgment actually rendered, except upon the erroneous theory' that a cloud on the title and an incumbrance are one and the same thing. But the deed in question, being invalid, was a cloud on the title, but not an incumbrance or in violation of any covenant in the deed. "A cloud upon one's title is something which shows *prima facie* some right of a third person to it." *Waterbury Savings Bank* v. *Lawler*, 46 Conn. 243, 245. In *Welles* v. *Rhodes*, 59 Conn. 498, 506, 22 Atl. 286, JUSTICE TORRANCE, in commenting on this, said: "Ordinarily such a cloud may be caused by the existence of such documents or such a state of facts as *prima facie* show, either alone or with the aid of extrinsic facts, some right adverse to the title of the party seeking relief." The general rule is: "Where a deed is apparently valid, and its invalidity can be shown only by the introduction of extrinsic evidence, it is a cloud on the title justifying the interference of equity." 32 Cyc. p. 1317; *Allen* v. *Trubee*, 44 Conn. 455. And this is precisely the import of the facts found as to the McNamara deed. Whatever the court may have intended to hold, if anything, with reference to the question whether this deed was a cloud upon defendant's title, is immaterial, in view of the conclusion of law as stated by the court upon which the judgment was based, viz, that the McNamara deed was a breach of the covenants against incumbrances, because to be a cloud the claim must be invalid, while only lawful or valid claims violate the covenants as to incumbrances.

In *Luther* v. *Brown*, 66 Mo. App. 227, 230, suit was

brought to recover the expenses incurred by the plaintiff in an action to remove a cloud from his title. The court, in denying the plaintiff's right to recover, said: "While it is well settled that any claim which impairs the use of an estate in land or prevents or impairs its transfer is an incumbrance, yet to constitute an incumbrance within the meaning of the covenant against incumbrances such claim must be a valid claim. It is only such claims that are within the purview of any of the implied covenants, unless it be the covenant for further assurance. Hence the fact, that, at the date of the conveyance, there was an apparent title outstanding in others, can furnish no cause of action to the plaintiff on the covenant against incumbrances, since all the evidence concedes that such apparent claim or title was not valid, and that the defendant had the title to the land when he conveyed it. . . . We must conclude, therefore, that the expenses incurred by the plaintiff in the suit to remove the cloud from his title are not recoverable in this action under either of the covenants in the defendant's deed."

We therefore hold that the McNarama deed, being null and void, was at the most a cloud upon the title transferred by the plaintiffs to the defendant Stevens, and as a cloud upon the title it was the basis of no lawful claim by the defendant Stevens against the plaintiffs, as set out in the counterclaim, and therefore, in no respect violated the covenants in the deed, and that the court erred in allowing damages to the defendant under the counterclaim.

There is error, the judgment is set aside, and the cause remanded with direction to enter judgment in accordance with this opinion.

In this opinion the other judges concurred.