### EVAN STAITE *vs.* DAVID SMITH ET AL.

First Judicial District, Hartford, October Term, 1920.
WHEELER, C. J., BEACH, CASE, CURTIS and BURPEE, Js.

An award and payment of damages for the taking of a strip of land for a city street, including therein the estimated cost of constructing a retaining wall along the street line in front of the owner's premises, does not create any lien in favor of the city upon the land not taken, nor impose any obligation upon the landowner to build such a wall; and therefore he may lawfully sell and convey the portion of the premises not taken for a street, by warranty deed free and clear of all incumbrances, at least so far as any proceedings by the city are concerned.

A covenant against incumbrances is not broken unless there is, at the time of the conveyance, a valid, legal and subsisting lien; nor is such covenant broken even by the existence of an unpaid municipal claim for a public improvement, unless it be recorded as a lien upon the land which it affects.

To create an incumbrance, the estate must be burdened with some right, title or interest which the law will recognize and protect.

In the present case the plaintiff alleged that during the negotiations for the sale, the defendants concealed from him the fact that they had received payment from the city for the estimated cost of constructing a retaining wall upon his premises. *Held* that neither the finding nor the evidence warranted such an assertion, and furthermore, that the proceedings were a matter of public record, with knowledge of which the plaintiff was chargeable.

Argued October 6th—decided December 22d, 1920.

ACTION to recover damages for an alleged breach of covenant against incumbrances, brought to and tried by the Court of Common Pleas in Hartford County,

*Dickenson, J.;* facts found and judgment rendered for the defendants, and appeal by the plaintiff. *No error.*

*William H. Fogerty,* for the appellant (plaintiff).

*Francis P. Rohrmayer,* for the appellees (defendants).

BURPEE, J.   During the year 1918, and until April 2d, 1919, the defendants were the owners of a piece of land on Glendale Avenue in Hartford.   On August 12th, 1919, the street commissioners and the Court of Common Council of the City of Hartford made the final lay-out of a new street called Brookfield Street, extending from Glendale Avenue across, and occupying a part of, this land.   These proceedings were begun and completed by authority of, and in all respects in the manner provided for by, the city charter and ordinances, and included the necessary "assessment of betterments and appraisals of damages," and the required notice thereof and that the benefits assessed were due and payable.   Sections 112, 114, 116, 117, 119, Compiled Charter of Hartford (1908); 6 Special Laws, pp. 314, 745; 8 id. p. 111; Chapter VII, Ordinances of Hartford (1908).   In the appraisal of damages, the sum of $1,450 was awarded to the defendants, which included the estimated cost of building a retaining wall along their land on the new street.   No appeal from these proceedings was taken.   In August, 1918, the city paid to the defendants the damages awarded to them.   The city authorities have never filed a lien of any kind on the land, and have never passed an order concerning the building of a retaining wall thereon, or claimed the right to file any lien or to pass such an order, or to construct such a wall themselves and record a lien upon the land for the expense.

On April 2d, 1919, the defendants, after informing

the plaintiff that the city of Hartford had taken a part of their land for the new street, sold the remainder to him, and gave him the usual warranty deed containing the covenant against incumbrances.

The plaintiff now claims that at the time of this conveyance, this covenant was broken by the previous award and payment by the city of Hartford to the defendants of damages which included the estimated cost of building a retaining wall along the new street and on the premises conveyed. He asserts that "by virtue of the award" and "the acceptance of" the sum awarded "by the defendants," the city "acquired a right or easement as against the said premises to be affected by said wall." We know of no law or reason to support this claim. Neither the charter nor the ordinances of the city of Hartford, nor the statutes of this State, nor any other law, confers the right to or makes any provision relating to a lien in such a case as this. The award of damages made by authority of the city charter and ordinances created only a claim or demand enforceable against the city, and when the city satisfied that claim or demand by payment of the sum fixed by the award, there remained no lawful claim or demand based upon or growing out of the award which could be useful or harmful to any one, or which was enforceable against or in favor of any one. Hence there was no incumbrance "by virtue" of these proceedings. *Reed* v. *Stevens*, 93 Conn. 659, 107 Atl. 495.

A covenant against incumbrances is not broken unless there is, at the time of the conveyance, a valid, legal and subsisting lien. To create an incumbrance, the estate must be burdened with some right, title or interest which the law will recognize and protect. *Dinsmore* v. *Savage*, 68 Me. 191; *Bowers* v. *Narragansett Real Estate Co.*, 28 R. I. 329, 67 Atl. 324. A covenant against incumbrances is not broken even by the

existence of an unpaid municipal claim for a public improvement, unless it be recorded as a lien upon the land which it affects. *Stutt* v. *Building Asso.*, 12 Pa. Co. Ct. Rep. 344.

The award and payment of damages, which included the cost of building a retaining wall, did not invest the city with any right or interest in the land. The purpose of that transaction was to make compensation to the owners whose property was to be taken or injured by the construction of a public improvement. It seems, although the facts are not fully stated in the record, that the proposed lay-out and making of the new street, called Brookfield Street, would deprive the land then owned by the defendants of lateral support along that street, and therefore a retaining wall might be necessary or desirable to preserve the usefulness and value of the premises. For that reason the owners were then entitled to receive, and the city was obliged to pay, the estimated cost of such a wall as an element of the damage done to their land by the lay-out of the new street. When this had been done, the owners had the privilege of using the money as they preferred. They might leave the premises as they would be after the street was constructed, accepting the money as compensation for any injury they might sustain. The city had no further interest in the matter and no right to insist that the owners should build a wall. There is nothing in the record to indicate any claim of the existence of such interest or right, either in fact or in law, at the time of the award and payment, or since. On the contrary, it appears that the city has not made any demand or claim of interest or right concerning this land. There is not even a cloud upon the title. *Reed* v. *Stevens*, 93 Conn. 659, 107 Atl. 495. "A cloud upon one's title is something which shows prima facie some right of a third person to it." *Waterbury Savings Bank* v. *Lawler*,

46 Conn. 243, 245; *Welles* v. *Rhodes*, 59 Conn. 498, 506, 22 Atl. 286.

There is no evidence to support the plaintiff's claim that the property was not worth what he paid for it when he bought it, or when the new street had been completed, or how the value of the property had been or would be affected by any event.

The plaintiff asserts that during the negotiations for the sale of the property, the defendants concealed from him the fact that they had received payment of the cost of a retaining wall. Neither the finding nor the evidence made a part of the record sustains that assertion. It appears that the defendants informed him about the proceedings of the city relating to this public improvement and the taking of a part of the premises which he was about to buy. These proceedings were set forth fully in a public record, accessible to every one, with knowledge of which the plaintiff may well be charged. However, if in fact these proceedings did not create an incumbrance on the land in favor of the city, it is immaterial whether the details of the proceedings were concealed from the plaintiff or known by him. It does not appear that he would have refused to pay the price he paid for the property if he had known all he now knows and believed all he now claims.

It is not necessary to consider the other reasons of appeal. The requested changes in the finding, if made, would not affect the determination which has been stated.

There is no error.

In this opinion the other judges concurred.