PRICE v. FOSTER et

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2924. Decided Feb. 21, 1927

**329. COVENANTS**—1. Covenant in deed against incumbrance is not broken unless there is a valid, legal and subsisting lien against the premises affecting the right, title and interest which the law would recognize and protect.

2. An uncancelled mortgage executed in 1841 does not constitute a breach of the covenant, since same was outlawed by the statute of limitations, and payment thereof was proven.

First Publication of this Opinion

HAMILTON, P. J.

Harry and Anna Foster commenced an action in the Hamilton Common Pleas to recover

damages for a claimed breach of warranty in a deed to certain real estate, purchased by them from Russell Price. The damages prayed for were for expenses and attorneys fees in procuring the release of record of an old mortgage. Judgment was rendered in favor of the Fosters by the lower court and error was prosecuted.

It seems that the deed from Price covenanted that the premises were clear of all incumbrances except a certain mortgage to Pearl Market Bank, and taxes. An old uncancelled mortgage was discovered dated Feb. 2, 1841, which had not been released of record. The Court of Appeals held:

1. Was this old mortgage a breach of the covenant against incumbrances?

2. A covenant against incumbrance is not broken and unless there is at the time of the conveyance a valid, legal and subsisting lien, The proof offered in this case shows that there was no valid, legal and subsisting lien at the time of the conveyance; and there was no incumbrance affecting the right, title and interest which the law would recognize.

3. In the instant case, not only was the mortgage outlawed by the statute of limitations, but the payment was proven by the plaintiff's own case.

4. "The law is well settled that a covenant against incumbrances is not broken unless at the time of the conveyance there is a valid, subsisting lien against the premises; that unless the estate is burdened with such an incumbrance as the law will protect and enforce there is no violation of the covenant in the deed."

5. The uncancelled mortgage was not incumbrance that would constitute the breach of the covenant.

Judgment reversed and entered in favor of Price.

(Cushing & Buchwalter, JJ., concur.)

Attorneys—Julius L. Samuels and Francis A. Hoover for Price; Cramer & Gordon for Foster; all of Cincinnati.