DANIEL J. McGRATH *vs.* THE CITY OF WATERBURY.

Third Judicial District, New Haven, January Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued January 24th—decided March 31st, 1930.

*Charles O'Connor,* with whom, on the brief, was *Edward J. McDonald,* for the appellant (defendant).

*Nathaniel R. Bronson,* for the appellee (plaintiff).

MALTBIE, J. The plaintiff since 1910 has owned certain premises situated on Bank Street in the defendant city. They are largely occupied by a brick building used on the ground floor for mercantile business and on the upper for residential purposes. On the front of the building toward the street are four

tiers of bay windows which project from it eighteen and seven eighths inches. By an old agreement between the owners of the property and the city, the street line across the front of the building was fixed at a distance of about five and one half feet from it. In 1920 the city established a building line along the face of the front of the building and, in assessment proceedings then had, benefits and damages to the plaintiff as owner were assessed as equal. In 1925 Bank Street was widened, the city undertook to put the street line back to the face of the building, and assessed benefits and damages by reason of this change in the street. This action is an appeal in accordance with the charter of the city, seeking a review of the appraisal of damages and assessment of benefits. The trial court found that the widening of the street would bring the plaintiff within the provisions of a certain ordinance which it construed as forbidding the maintenance of bay windows projecting more than one foot from the wall of the building, and awarded the plaintiff as damages the cost of removing them to the extent necessary to comply with the ordinance, less special benefits accruing to him by reason of the improvement, which it assessed at $1500.

The appeal contains some sixty assignments of error, many of them argumentative and repetitious, and we follow rather the defendant's claims as developed in its brief. It contends in the first place that under the ordinance of the city, the plaintiff's right to maintain the bay windows came to an end when the building line was established in 1920 and that it must be assumed that the damages then awarded to him included any loss by reason of interference with them; hence when the street line was made coincident with the old building line, the plaintiff suffered no further damages. Stress was laid on the trial and in

argument before us upon a portion of the building ordinance of the city regulating the construction of bay windows and permitting them to project three feet from the wall of any masonry building. But this section of the ordinance obviously had no reference to the rights of the parties as to building over any street or building line and it is irrelevant to our inquiry. The charter of the defendant authorizes the board of aldermen of the city to "establish building lines beyond which it shall be unlawful to erect any building," provided damages arising out of their establishment can be balanced by special benefits accruing by reason of it. 12 Special Laws (1895) p. 444. There was in existence in 1920 and still is an ordinance of the city which provides, among other things, that, after a building line is established, "it shall be unlawful for any person to erect or place, cause to be erected or placed, any building or structure nearer such street than the line so established"; and further, that no veranda, porch, balcony, cornice or other similar projection "shall be erected or placed" nearer such street than eight feet beyond the building line, nor beyond the lines of such street. These provisions clearly do not require that, upon the establishment of a building line, all existing structures extending beyond it shall be set back to it, but only that no structures, with the exceptions stated, shall thereafter be erected which extend beyond it. As the bay windows in question were in existence when the building line was established in 1920, they were not affected by it, and any award of damages then made would not include damages based upon the necessity of their removal.

When, in the present proceedings, the street was widened so that its line was brought back to the face of the plaintiff's building, the bay windows extended beyond that line eighteen and seven eighths inches.

The ordinance already referred to contains the following provision: "No steps, belt courses, window sills, columns, cornices or any projection whatever, shall extend beyond the street lines of any street, between the level of the sidewalk grade and a line ten feet above such grade, nor shall any projection at any elevation extend beyond the street lines of any street more than one foot, except the cornices, which shall not project more than three feet beyond such street lines. Any person offending against the provisions of this section shall forfeit and pay a penalty of not less than $25 nor more than $100 for every such offense, and a like penalty for every week that such building or other structure, bay window, fire escape or other projection shall remain in violation of any of the provisions of this section." No question is raised as to the validity of this ordinance and under its terms the bay windows must obviously be removed as an incident to the widening of the street. Nor is it questioned that the expense of removing them to the extent necessary to comply with the ordinance was a proper way to measure the plaintiff's damages, rather than by the effect which the mere removal of them would have on the market value of the property. It follows that this expense was properly allowed by the trial court. *New York, N. H. & H. R. Co.* v. *New Haven,* 81 Conn. 581, 584, 71 Atl. 780; *Staite* v. *Smith,* 95 Conn. 470, 473, 111 Atl. 799; *Chase* v. *Worcester,* 108 Mass. 60, 67; *Hartshorn* v. *County of Worcester,* 113 Mass. 111, 114; 2 Nichols on Eminent Domain (2d Ed.) § 460.

The trial court has found that in view of the condition before the taking of the plaintiff's property and the situation created by the taking the property was benefited to the amount of $1500, not taking into consideration the expense entailed in removing the

bay windows. The court in arriving at this result obviously applied the rule for estimating damages where a portion of a tract of land is taken which is laid down in *Martin* v. *West Hartford,* 93 Conn. 86, 88, 105 Atl. 342, that is, "the difference between the market-value of the whole tract as it lay before the taking, and the market-value of what remained . . . thereafter and after the completion of the public improvement." It is true that the court did not specifically find the value of the property before and after the taking, but we cannot see how its failure to do this can be regarded as working any harm to the defendant. Its real quarrel is with the result reached by the trial court and it seeks to have the finding corrected by adding certain paragraphs in which it states the value of the property before the widening of the street, the value of the land of the plaintiff included in the street by moving back the street line, and the value of the property, excluding the last item, in view of the conditions created by the widening. But the testimony upon these issues was in disagreement, and the trial court was not obligated to accept as conclusive the testimony of any one of the expert witnesses who gave their opinion, but it was its duty to form its own judgment upon all the testimony and in view of all the relevant facts in evidence. The paragraphs in question did not state facts which could be regarded as admitted or undisputed. We cannot therefore add them to the finding.

There is no error.

In this opinion the other judges concurred.