[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: CROSS MOTIONS FOR SUMMARY JUDGMENT
The plaintiff instituted the present action alleging that it had entered into a written contract with the defendants to construct an addition and other improvements to the defendants' home. The complaint further alleges that a dispute arose under the contract, which provided for arbitration, and that an arbitration award was issued with respect to that dispute. The plaintiff further claims that the arbitrator clarified that the award contemplated that the minor work necessary to complete the contract would be done at the expense of the defendants and that the plaintiff would be entitled to the stated monetary payment upon providing certain documents to the defendants. The plaintiff also claims that certain credits were to be made against the award and that the plaintiff is entitled to the balance due. Accordingly, the plaintiff claims damages and seeks an order that another arbitration proceeding be held in the event that the first arbitration was not given effect. The defendant admits that an arbitration proceeding was held but asserts that the plaintiff's failure to move to confirm the award, as required by General Statutes 52-417, bars the plaintiff from recovery.
The plaintiff has moved for Summary Judgment asserting that a subcontractor of the plaintiff foreclosed a Mechanic's Lien against the defendants and that the foreclosure of the Mechanic's Lien could not have been accomplished unless money were owed to the CT Page 8723 plaintiff. See, W. G. Glenney Co. v. Bianco, 27 Conn. App. 199
(1992). Accordingly, plaintiff claims that defendant is collaterally estopped from contesting the issues by virtue of the determinations made in the foreclosure of the Mechanic's Lien and that the plaintiff is therefore entitled to summary judgment. For reasons hereinafter stated, the court finds that it is unnecessary to address the plaintiff's claims and accordingly, the Motion for Summary Judgment filed by the plaintiff is denied.
The defendants have filed a Cross Motion for Summary Judgment asserting that the plaintiff failed to comply with the provisions of General Statutes 52-417 which provides that "(A)t any time within one year after an award has been rendered", the parties to the arbitration "may" make an application to the Superior court for an order confirming the award. The defendant claims that inasmuch as the plaintiff failed to confirm the award within the statutory period, the plaintiff is prevented from asserting the claims made in the present law suit.
The arbitration award, dated June 14, 1988, provides that the plaintiff shall obtain from the Greenwich Building Department the approvals necessary for the owner's permanent records, including construction drawings, a certificate of occupancy and all plumbing electrical HVAC approval as is usual for the Town of Greenwich. The order further provides that when the documents have been received by the plaintiff, they should be turned over to the defendants and that the defendants should immediately pay to the plaintiff the sum of $101,000 for full and final payment for the work completed by the plaintiff on the defendant's residence. The award further provides that upon payment the plaintiff shall immediately remove the lien placed upon the defendants' residence. The order further provides that the $101,000 to be paid by the defendants shall be placed in an escrow account administered by the attorney for the plaintiff with the understanding that the funds will immediately be used to pay subcontractors and materialmen who are owed money on account of the work performed on the defendants' residence and that priority of payments to the subcontractors and materialmen shall first be made to remove all liens and foreclosure actions brought against the defendants on account of the work done by the plaintiff.
While the plaintiff claims that it was not allowed access to the defendants' residence, and that the defendants did not perform the necessary, and minor, work to be completed, there are no affidavits before the court establishing those claims as a fact.
The court notes that the statute providing for an application for an order confirming the award utilizes the permissive word "may" while the provisions relating to a Motion to Vacate, Modify or Correct an Award mandate that such motions be made within 30 CT Page 8724 days from notice of the award. Compare General Statutes 52-417
with General Statutes 52-420 (b). There are no provisions contained in General Statutes 52-417 which require that an application to confirm in an arbitration award must be made. In the absence of a motion to confirm the award, the parties would be left to their common law remedies. Under our common law, prior to the Statute providing for an Application to Confirm an Award, an arbitration award was in the nature of a judgment and the remedy for a party to an arbitration was to bring an action on the award. Lehrman v. Prague, 115 Conn. 484, 488 (1932); City of Bridgeport v. Eiseman, 47 Conn. 34, 37-38 (1879); Shelton v. Alcox, 111 Conn. 239,243 (1936); 1 Swift's Digest (1848) pp. 447-478; 2 Swift's Digest (1953) Forms pp. 480-482. "An arbitration award, confirmed or not, has the preclusive effect regarding issues of law and fact litigated before and determined by the arbitration panel." Robinson v. Southern New England Telephone Co., 6 Conn. L. Reptr., No. 16, 455 (June 22, 1992, Austin, J.).
Accordingly, the Cross Motion for Summary Judgment filed by the defendants is hereby denied.
Rush, J.