## GEORGE W. BRIGGS *vs.* EMERY MORSE.

As a general rule a new trial will not be granted to enable a party to recover nominal damages.

Taxes are not a lien upon the land of a party taxed where he has other estate that can be found sufficient to pay the taxes.

In an action upon a covenant against incumbrances, which it was claimed had been broken by the existence of a lien on the land for taxes due from the defendant, the latter may show under the general issue that he owned at the time such other estate.

ACTION for breach of a covenant against incumbrances; brought, by appeal from a justice of the peace, to the Court of Common Pleas for New Haven County, and tried to the court upon the general issue, before *Robinson, J.*

The defendant on the 6th day of January, 1871, sold and conveyed the premises described in the declaration to the plaintiff, by whom they were, on the 17th of January, 1871, sold to a grantee, who on the 27th of February, 1871, sold and conveyed them to Bridget Galvin. The defendant's

deed to the plaintiff contained a covenant against all incumbrances, except a certain mortgage that was described. On the 12th of June, 1872, the tax collector for the county, town and city of New Haven, and for one of the school districts of the town, served written notice upon the said Bridget that he had levied upon the land in question for taxes due from the defendant to the county, town, city, and school district, to the amount in the whole of $39.22, including interest and costs, and made demand of payment. The said Bridget, supposing the lien to be a valid one and such payment necessary to save the property, paid to the collector the amount due.

When the taxes became due the defendant had a large amount of personal property, both in New Haven and Wallingford, and for a long time thereafter. No demand was ever made upon the defendant for their payment before the present suit was brought, either by the tax collector or the plaintiff or the said Bridget; and the plaintiff had not paid the amount to the said Bridget at the date of the commencement of the suit.

The plaintiff claimed that, upon these facts, the court should rule that the taxes were an incumbrance on the premises at the date of the sale by the defendant, and that a right of action upon the covenant against incumbrances accrued to the plaintiff immediately upon the sale. The court refused so to rule.

The plaintiff objected to the evidence offered by the defendant to show that he had sufficient personal property, which could have been found by the collector, as inadmissible under the general issue; but the court overruled the objection and admitted the evidence.

The court made a finding of the facts, and upon them rendered judgment for the defendant. The plaintiff filed a motion in error and for a new trial.

*Hamilton*, with whom was *Stone*, in support of the motions.

*Doolittle* and *H. F. Hall*, contra.

Briggs *v.* Morse.

PARDEE, J.    Morse, the defendant, sold and transferred the property described in the declaration in January, 1871.    We think that the finding of facts imports that he was the owner and possessor of personal property both in New Haven and in Wallingford, sufficient for the payment of the tax thereon, and which could have been found, for a sufficient length of time to outlast the statutory tax lien upon said transferred estate ; and that there was no tax incumbrance upon said property at the time of the payment made by Bridget Galvin.

The plaintiff has paid no part of the tax in question ; he has paid nothing toward the extinguishment of the incumbrance, the existence of which he complains of as a breach of the defendant's covenant.    His damages therefore in this action must be nominal merely.    *Prescott* v. *Truman*, 4 Mass., 631 ;    *Taft* v. *Adams*, 8 Pick., 547 ;    *Davis* v. *Lyman*, 6 Conn., 254.    As a general rule this court will not grant a new trial to enable a party to recover nominal damages. Without considering the question of the existence or non-existence of an incumbrance, we think there is nothing in the present case to induce us to make it an exception to that general rule.    *Gold* v. *Ives*, 29 Conn., 123 ;    *Cooke* v. *Barr*, 39 Conn., 296.

The real point of the complaint in the declaration, so far as substantial damages are concerned, is, that the plaintiff was compelled to pay in June, 1872, by the hand of Bridget Galvin, the sum of thirty-nine dollars and twenty-two cents to the tax collector, because there had continued in life up to that time a tax lien to that amount upon the premises referred to.    The defence, so far as it depended upon the evidence offered as to the possession of personal property by Morse as set forth in the finding of facts, was not in the line of an admission of the truth of this particular allegation and of an avoidance of it, but was of the nature of a denial of the existence of any lien at the time of payment.    We think, therefore, there was no error in the reception of the evidence under the general issue.

We advise that no new trial be granted.

In this opinion the other judges concurred, except PHELPS, J., who did not sit.*

———————————————————

* Judge PHELPS was absent during the remainder of the term, holding a term of the Superior Court in Middlesex County.