THE MAD RIVER COMPANY *vs.* JOHN PRACNEY.
THE MAD RIVER COMPANY *vs.* THE EQUINOX CLUB.

Third Judicial District, New Haven, January Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and WEBB, Js.

A finding need not be in the identical language of the draft-finding, even though the latter be sustained by evidence; it is sufficient if the facts are in effect found.

A finding will not be corrected where none of the facts set forth therein are found without evidence, and where no material fact established by uncontradicted testimony has been omitted.

In an action in the nature of ejectment, the plaintiff must rely on the strength of his own title and not the weakness of the defendant's.

The interpretation and construction of deeds are exclusively functions of the trial court; they cannot be performed by an expert witness.

The plaintiff, claiming to be the owner in fee of certain lands covered by an artificial pond, brought action to eject the defendants, who, owning some of the adjacent upland, had constructed docks out into the waters of the pond. The deeds which it introduced in support of its title did not disclose with certainty whether it owned the fee of the lands upon which the docks were built, or whether it merely had the right of flowage. *Held* that the plaintiff had failed to sustain the burden of proof imposed upon it by its allegations of ownership in fee, and that, even though the complaint might be held to set forth a cause of action for interference with its right of flowage, the finding was insufficient to support a judgment in its favor, since it did not appear whether the deeds to the defendants bounded them by the pond or by the edge of the pond; for, if bounded by the pond (unless the plaintiff owned in fee the abutting land under water), they would have taken title—in the absence of a manifest intention to the contrary—to the middle or thread of the original stream, and they would have been entitled to dock out with a structure not materially decreasing the area of flowage.

Argued January 23d—decided March 1st, 1924.

ACTIONS in the nature of ejectment claiming also an injunction, brought to the Superior Court in New Haven County and tried together by the court, *Jennings, J.;* facts found and judgment rendered for de-

fendant in each case, and appeals by the plaintiff. *No error.*

Each of the complaints in the above actions, which by agreement were tried together, contains an averment that the plaintiff was the owner of a certain tract described, in the town of Wolcott, which in fact was the land flowed by the erection of a dam forming an artificial lake or pond used to furnish water to various factories in Waterbury; that upon said land on or about January 1st, 1915, the defendant in each action unlawfully entered and without license or right erected a dock, which is still maintained, thereby dispossessing "the plaintiff of the portion of land occupied by said dock" and continuing such dispossession. Each complaint claims judgment for possession of the premises, and a mandatory injunction requiring each defendant "to demolish and remove said dock from the land of the plaintiff." In each case a demurrer to the complaint was filed and overruled, and defendants answered over denying all the allegations of the complaint.

The court in its finding of facts, after describing the situation of the lake and the facts connected with its establishment, further finds that the plaintiff, in support of its fee simple title to the tract described in the first paragraph of the complaint, introduced numerous deeds, and that these showed that whatever title the plaintiff might have was derived from one Hobart Welton, the Scoville Manufacturing Company, and one Hitchcock, who had in turn acquired title from various prior grantors. In many of these deeds only the right of flowage was granted. By virtue of the series of deeds introduced the plaintiff became entitled to flow the lands covered by the lake or lower pond, which lands are described in paragraph one of each complaint.

The court in particular further found: "13. The plaintiff introduced no evidence to identify the specific land described in these deeds or to locate old stone walls, trees and other natural bounds and land marks described in said deeds. 14. The plaintiff introduced no evidence to prove and failed to prove that the land described in paragraph 1 of the complaints was land, the fee to which was conveyed to it by any of the deeds placed in evidence."

Around the shores of the lake in question, and the lake near by, a large number of persons and associations have erected summer cottages and permanent homes, of which more than fifty have existed on the lower lake, some for more than thirty years, and their occupants have used the water of the lake without interruption or objection from the plaintiff, and approximately thirty docks similar to those of defendants have been built out into the water, and their owners or occupiers have used the same without objection or interruption by the plaintiff. The defendant Equinox Club constructed a small dock in the water in front of its clubhouse in 1912, without objection from the plaintiff and under color of right, and its members have used the same uninterruptedly since. This dock was constructed by driving piles of two by four timber into the bed of the lake, as support for a frame on which was placed boarding. The boarded surface is seven and one half feet wide and nineteen feet long, with two feet resting on the land and the rest extending over the water. The defendant Pracney in 1917 constructed a similar dock five feet wide by twenty-six feet long, without objection and under color of right. Both of the defendants used the docks freely, openly, continuously and without objection by the plaintiff under color of right from the date of their erection till the fall of 1922, when they were each notified to

remove the same, and to cease making use of the water of the lake. The defendants did not observe the terms of this notice and the present civil actions were instituted, and defendants then notified that they could continue the use of the docks and the water of the lake if they would sign an instrument acknowledging the superior rights of the plaintiff in the lake. The same notice was sent to other land and dock owners on the lake, the greater number of whom, including the defendants, refused to abide by this notice or to accept the privilege offered. The amount of water displaced by the piles is so small that the damages, if any, suffered by the plaintiff cannot be measured and determined.

A memorandum of decision filed in the cause is made part of the finding of facts, together with the exhibits introduced at the trial. The court reached the conclusions that the plaintiff in each action had failed to prove the allegations of paragraphs one, three and four of the complaint, being all of the allegations above cited, except those of paragraph two which sets forth the construction of the dam and the furnishing to factories of the water impounded."

The court further found as follows: "In the trial of the cause, at the conclusion of the evidence, the plaintiff's counsel made a brief oral argument, wherein it claimed that it had proved that it was the owner of the land described in paragraph 1 of its complaint, and was therefore entitled, as shown by the various deeds in evidence, to judgment as prayed for. It made no further or other claims of law. The defendant's counsel filed a written brief setting up claims of fact and law that the plaintiff had not proved the material allegations of its complaint, particularly paragraph 1 of the complaint. The plaintiff had the opportunity to file a reply brief and make claims of law and fact, but it refused and neglected so to do. The plaintiff

did not raise the questions of law set forth in paragraphs 1, 2 and 3 of part III of the appellant's proposed draft of finding."

The plaintiff assigns certain errors as to the conclusions reached by the trial court, and also in refusing to correct certain paragraphs of its finding.

Further facts appear in the opinion.

*William W. Gager,* for the appellant (plaintiff).

*Vincent A. Scully,* with whom, on the brief, was *John H. Cassidy,* for the appellees (defendants).

KEELER, J. Counsel who argued the case in this court for the appellant did not participate in the trial of the cause in the court below. In making up the appeal record he stated that certain claims of law bearing upon the plaintiff's contention were made at the trial. That they were not so made is established by the part of the court's statement last above quoted in the finding of facts. Disregarding these claims and the reasons of appeal founded thereon, we find that the grounds of appeal are reduced in effect to one, that is, whether the facts found by the court as matter of law are ample to sustain its judgment. We may remark in passing that plaintiff is not at any serious disadvantage from this situation, since every material point arising under the rejected assignments of error can reasonably be urged, upon the comprehensive ground just stated, and the principal contentions of plaintiff's argument and brief can thus be given such attention as they deserve.

The plaintiff seeks a correction of the finding in many particulars, both by substituting the statements of its draft-finding for those contained in the finding made by the court, by adding thereto certain

additional paragraphs, and especially by eliminating paragraphs thirteen and fourteen thereof and in effect substituting therefor certain findings claimed by it. Unless the finding can in this last regard be corrected, the contentions of the plaintiff must fail. The other desired corrections comprehend largely statements of facts in accord with those found by the court but expressed more *in extenso*. As to these plaintiff claims "that its draft-finding sets forth more clearly the facts necessary for the proper consideration by this court" of the legal questions involved, and counsel states that he realizes "that there are different ways of stating the facts, yet the draft-finding should contain" a statement of facts sufficiently full. The court's finding contains such a statement. It is not required that the court's finding in any paragraph shall be in the identical language of the request, though the latter be sustained by evidence: it is sufficient that the fact itself is found. *Olesen* v. *Beckanstin*, 93 Conn. 614, 107 Atl. 514. The composition of a finding is not a rhetorical effort. We advert to this because the plaintiff seeks to vary the finding of the court, containing twenty-three findings of fact, by adding to it thirty-one paragraphs out of the forty-one contained in the draft-finding. Most of these corrections, if made, would result in duplication of finding, a few in adding matter not necessary to the decision of the case, and still fewer in contradiction of the facts expressly found, where the change desired would result in the production of a finding requiring a judgment exactly opposed to that rendered. None of these facts of the finding by the court are found without evidence, and no material fact established by uncontradicted testimony has been omitted. If the additions requested were made to the finding, the result would be a statement of inconsistent repetitions and almost unintelligible facts.

The examination of the evidence necessary to dispose of plaintiff's claims in this regard should not have been imposed on the court or opposing counsel.

The present action is in form one to recover possession of land together with injunctive relief against a continuing trespass thereon, and the pleadings are fully adapted to try the issue of title and other subordinate issues arising in the case, of which, as we shall see hereafter, the question of interference with flowage is not one. In the trial of the action defendants, as the memorandum of the trial court states, relied upon the fundamental legal principle that in an action of this sort the plaintiff must rely upon the strength of his own title in proving his case, and is not concerned with the weakness of that of defendant. The court found that plaintiff had not sustained the burden of proof imposed by law. This conclusion is justified by the facts found, and is principally based on paragraphs thirteen and fourteen of the finding as quoted in the statement of facts. Plaintiff claims that these paragraphs should be eliminated, and a finding made that the plaintiff owns in fee the submerged land in front of the premises of each defendant. In support of its motion to correct these paragraphs the plaintiff calls attention to two deeds, Exhibits G and H, and to the following testimony given by Finton J. Phelan, an attorney at law and expert examiner of titles, who had made an examination of title of the plaintiff to the land covered by the waters of the lake: "Q. Referring to Exhibits G and H, Humiston to Welton and Welton to Mad River Company, whether or not in your opinion and on the basis of knowledge that you have heretofore stated, the property conveyed in those deeds includes the lake fronting and adjoining on the property of The Equinox Club and John Pracney? Mr. Cassidy: I object to that question. The Witness: It does.

The Court: Admitted. Mr. Cassidy: Note an exception."

The instrument, Exhibit G, from Humiston to Welton, is a warranty deed and covers a number of pieces of land, some described by metes and bounds and others by lands of abutting owners; Exhibit H, quitclaim deed from Welton to the plaintiff, describes a large number of pieces of land, including those described in Exhibit G and other pieces derived from various owners, and the description is made up of references to certain deeds by parties thereto, the date thereof and date of record. The question is loosely framed, but we conceive it to mean, as it was interpreted by the trial judge, that all of the land included in description in Exhibit G, and that of the comprehensive deed, Exhibit H, was included in the flowage of the lake which adjoined the property of each of the defendants. The plaintiff's counsel seems to insist that this testimony, together with these deeds, concludes the question of title and is proof of a fee simple in the plaintiff in the lands described in these deeds; in other words, that this witness performed the function inhering only in the trial court of interpreting the deeds. Now some of the deeds, exhibits in the case, convey only a flowage right, and the lands described in these deeds are included by reference in Exhibit H, and taken by the witness as going to make up the land flowed by the waters of the lake. In other words, in forming a conclusion the court had testimony of what land was included in the deeds referred to, and that this land was flowed. In reaching the conclusion arrived at in paragraphs thirteen and fourteen of the finding, the trial court, in the memorandum of decision, states that there was no evidence from which it could find whether the land in front of the respective lands of the defendants was held in fee by plaintiff, or whether its interest therein was merely a right of flowage, and this

court in examining the testimony for purpose of rectifying the finding is at the same disadvantage, and the finding must stand. It would have been entirely feasible (since it is a conceded fact in the case that title to the land covered by water and various adjoining pieces of land since conveyed to various owners and improved by buildings, derived from a common source) for plaintiff, by matching the deed of the upland proprietor with its own deed of flowed land adjoining, to have shown, if it was the case, that this last land was conveyed in fee. The course which the plaintiff took left the court in doubt in this respect, and compelled a finding that plaintiff had not sustained its burden of proof, and to render judgment for the defendants.

It will be observed that the trial court has found that as to all the land covered by the plaintiff's lake, it had at least a flowage right. This, however, does not assist a recovery in this action, since the complaint is not so framed as to justify a recovery by plaintiff except upon showing an ownership in fee, as pleaded, nor is there such completeness in the finding of facts as to justify a recovery for interference with a flowage right, did pleadings exist properly stating such a cause of action. If the plaintiff had shown an ownership in fee of the land under water, then upon the other facts found in the case, it was entitled to judgment for some amount of damages and a recovery of complete possession of its land. Had it showed merely a flowage right, then whether it could have had any recovery would have depended upon who had the reversionary title to the land flowed, whether the plaintiff's grantor, or the latter's grantee of the adjoining upland. If the deed to this latter grantee had clearly and explicitly gone only to the edge of the lake, then he would not have had a right to dock out, and if he had docked out would have been subject to proper actions on the part

of the plaintiff and the reversioner. If, however, this latter grantee had taken by a deed bounding him simply by the lake, then he would have taken title to the bed of the lake as far as the thread of the original stream existing before the flooding of the land which established the lake, and would have been entitled to dock out with a structure not materially decreasing the area of flowage.

"Subject always to a manifest intention to the contrary, apparent on the face of the instrument, a grant or conveyance of land . . . will be construed as extending to the middle or thread of the original stream." 9 Corpus Juris, p. 191; *Mill River Woolen Mfg. Co.* v. *Smith*, 34 Conn. 462.

The various facts above indicated as necessary to the determination of the rights of the parties as regards flowage of the submerged land, as we here said, do not exist in the findings in the instant case. If it be objected that as to some of these facts the burden of proof would be upon a defendant, it is sufficient to say that with proper pleadings he would have known what he had to meet and would have been prepared to establish such facts, if the evidence justified it. The pleadings in the present case would give a defendant no notice of any requirement in this regard.

There is no error.

In this opinion the other judges concurred.