DORA SONDIK ET AL. *v.* BETH EL TEMPLE OF WEST HARTFORD, INC.

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

Argued January 7—decided February 17, 1965

*Edgar W. Krentzman,* with whom, on the brief, was *Richard F. Jacobson,* for the appellant (defendant).

*William P. Aspell,* with whom were *Donald P. Chernoff* and, on the brief, *George Muir,* for the appellees (plaintiffs).

Per Curiam. The plaintiff Dora Sondik sued to recover damages for personal injuries sustained in a fall in a corridor of a building owned and maintained by the defendant. Her husband, Philip, sought damages for amounts expended for medical care and attention to his wife as a result of her injuries. The jury returned a verdict for both plaintiffs, and the court denied the defendant's motion to set aside the verdict. The defendant has appealed from the judgment rendered on the verdict, assigning error in rulings on evidence.

The plaintiff husband had rented a reception hall from the defendant for the purpose of holding a fiftieth wedding anniversary celebration on April 15, 1962. As the plaintiff wife was entering the premises for the affair, at about 1:30 p.m., she fell in the entrance corridor and was injured. She claimed that her fall was due to the negligence of the defendant in creating and maintaining a slippery and dangerous condition on the floor of the corridor. This claim the defendant denied. The appeal is presented as though three rulings on evidence were involved. Actually, two paragraphs of the finding, each purporting to relate to a single ruling there in issue, contain multiple rulings in violation of § 648 of the Practice Book, which requires that each ruling on evidence be stated in a separate paragraph of the finding. We therefore do not consider them. *Morgillo* v. *Evergreen Cemetery Assn.*, 152 Conn. 169, 175, 205 A.2d 368; *Arvee Construction Co.* v. *Ardolino*, 144 Conn. 7, 12, 127 A.2d 39; *Attruia* v. *Attruia*, 140 Conn. 73, 79, 98 A.2d 532.

The final assignment of error concerns a question addressed to the witness Eleanor Bonamassa, who was in charge of catering at the party. She testified that she had been on the premises at another gather-

ing the evening before, at which time there was a runner on the floor. She was then asked whether the runner was fixed on the floor in any way and, if so, how. The defendant objected that it was "not the condition as it existed at the time of the accident". The court overruled the objection, and the witness answered that the runner was taped at both ends to hold it as nearly as possible in position. This objection was valid, and in the absence of proof of the similarity of conditions, the court should have excluded the question. The error, however, was harmless. Virtually the same question was propounded to, and an answer elicited from, the defendant's president so that the evidence was in the case from that source. Consequently, this duplication was harmless. *Mirando* v. *Mirando,* 104 Conn. 318, 322, 132 A. 910; *Shea* v. *Hemming,* 97 Conn. 149, 155, 115 A. 686.

There is no error.