[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Hamden Planning and Zoning Commission (hereafter Commission) approved with conditions a Special Permit (and site plan) on January 25, 1990 filed by Kingdom Hall of Jehovah's Witnesses also known as Hamden Congregation of Jehovah's Witnesses Inc. (hereafter Congregation) to construct a church and ministers' apartment in an R-2 Zone area on Wintergreen Avenue. This appeal claims that the Commission acted illegally, arbitrarily and abused its discretion.
To the extent the plaintiffs did not brief an issue, the claim is abandoned. Beacon Falls v. Posick, 17 Conn. App. 17,549 A.2d 656 (1988). The court does not agree with the remaining claims.
 I.
The plaintiffs must allege and prove aggrievement. The individual plaintiff, Fred Scimone owns land which is within one hundred feet of the land involved in the approval. General Statutes 8-8 (a). Wintergreen Pine Rock Civic Association is an unincorporated organization which intervened before the Commission under 22a-19. These two plaintiffs therefore, are statutorily aggrieved without the need to prove more. Smith v. Planning and Zoning Board, 263 Conn. 317, 524 A.2d 1128 (1987).
 II.
Section 821 of the Hamden Zoning Regulations (hereafter Regulations) incorporates statutory procedure for this mandated public hearing. The hearing must commence within sixty-five days after receipt of the application and be completed within thirty days after the hearing commences. The applicant may consent to extensions of either period provided the total extension of any period shall not be for longer than that original period. Section8-7d(a). The plaintiffs claim that the hearing neither started or completed within the statutory limits. The court disagrees. CT Page 4556
Despite the duel time argument in plaintiffs' brief, their complaint refers only to an illegal completion. Complaint, paragraph 8. But even if the complaint had raised the commencement issue, plaintiffs are not persuasive. The receipt of the application was August 8, 1989. Section 8-7d(c). See, University Realty, Inc. v. Planning Commission, 3 Conn. App. 556,490 A.2d 96 (1985). In accordance with 8-7d(a), the hearing should have commenced on or before October 12, 1989, or on or before December 16, 1989 if the applicant Congregation consented to the maximum allowable sixty-five day extension. The hearings began on November 28, 1989.
The first hearing was initially scheduled for September 26, 1989. On August 11, 1989 Jeffrey N. Gordon, a member of Codespoti and Associates, wrote to the Planning and Zoning Department specially extending the time period beyond the sixty-five days. Record 16. The Codespoti firm had prepared the maps and plans: no attorneys for the Congregation had surfaced at the time of the letter. In fact, the application itself had been signed by Jeffery N. Gordon, as agent. University Realty, Inc. v. Planning Commission, supra, resolved an issue of tabling an application. The extension was effective and the November 28 hearing was properly scheduled.
The plaintiffs further argue that the hearings begun on November 28 should have concluded within thirty days or December 28. The applicant could have extended the completion day thirty days to January 28, 1990. The hearing concluded on January 4, 1990. An attorney for the applicant prepared a handwritten extension on December 7, 1989. See, Metropolitan Homes Inc. v. Town Planning and Zoning Commission of Farmington, 152 Conn. 7,232 A.2d 241 (1964). Although the attorney's letter contains no receipt stamp, the plaintiffs cite no authority requiring such stamp. Other documents in the case do not contain a stamp and the letter is part of the record on appeal. Record 79. Nor does the statute require a confirmation letter from the agency indicating a "request" had been granted. The plaintiffs have it backward: the applicant consents, not the Commission.
In view of these factual conclusions the court need not consider whether the application was automatically approved in law for failure of the Commission to comply with the time constraints of the statutes. Compare, Frito-Lay, Inc. v. Planning and Zoning Commission, 206 Conn. 554, 538 A.2d 1039 (1988). Carr v. Woolwich, 7 Conn. App. 684, 510 A.2d 1358 (1986) Cert. Denied,201 Conn. 804, 513 A.2d 698 (1986).
III. CT Page 4557
The church which has outgrown its present building in Hamden would be constructed on a 10.28 acre lot near Lake Wintergreen and West Rock Ridge State Park. A church is a permitted use in an R-2 zone subject to a Special Permit, Site Plan approval and Regulations 704. Special Permit procedure is governed by Regulations 820.
Special Permit procedure requires public hearings. Four separate hearings were conducted; the transcripts total over 450 pages. The record for this appeal consists of 189 items. Various reports were received by the Commission. The proposal received close review by the opponents who did supply detailed analysis. The Commission heard conflicting argument on the issues.
On January 25, 1990 the Commission approved the application after specifically recognizing that it had to consider at least eight factors, including the Plan of Development (hereinafter Plan) in deciding whether to grant the permit. Regulations 826. Regulations 827 allows the Commission to include reasonable conditions and safeguards. A "motion to approve . . . based on compliance with the entire 826 regulation with . . . (8) stipulations" was passed 6 to 3. Commission minutes, January 25, 1990, Record 67. The plaintiffs, nevertheless, argue that the Commission failed to meet its responsibility, particularly with reference to the Plan.
 a.
Despite the claim that the Commission failed to consider the Plan, the Commission did not fail to recognize or discuss compliance with the Plan. That Plan is, of course, advisory only as to zoning decisions of the zoning commission. Permitted uses are governed by the comprehensive plan. First Hartford Realty Corp. v. Planning and Zoning Commission, 165 Conn. 533,338 A.2d 490 (1973). Plaintiffs go beyond conceding that churches are permitted in R-2 Zones. They argue that the issue is whether a particular special permit conforms to the Plan. Apart from the lack of any requirement that any particular weight must be given to a 826 factor, the record reveals that the Commission in its deliberations did consider the Town Plan relevant Goals and Objective cited by the plaintiffs. See also Regulations 844.8.
Concerns about this uniquely beautiful and environmentally sensitive area were recognized by the planning of the church and the oversight and conditions of the Commission. Plan, page 3, items 3 and 9; Plan, page 32, item 2 relates to recreation policies and objectives.
Although over 30% of the area could be built on, this proposed building and parking covers 20% of the total site. Only 2% of the total site is covered by the building itself. The CT Page 4558 application includes plantings to bring back wildlife. About 7.8 acres of the 10.28 acres will ultimately be left in a natural state. There are permanent deed restrictions protecting the forest wetland and upland of over three acres. The Quinnipiack Valley Health District has approved the general development concept for sewage disposal. Record 66. The Hamden Conservation Commission has approved a wetland permit. The Department of Environmental Protection advises that this use will not conflict with any state land acquisition, and the church will acquiesce in the Department plan to acquire 1.2 acres of the parcel to improve a nearby dam. Salt would not be used on ice. The church building probably will not be higher than area houses, and is far from the park land. The Commission also had available an Environmental Assessment. Record 165. There were various reports and testimony covering the impact of this project.
A special permit/site plan is an administrative action. The agency discretion is limited; it does have discretion to resolve questions of fact. Housatonic Terminal Corporation v. Planning and Zoning Board, 168 Conn. 304, 362 A.2d 1375 (1975); A. P. W. Holding Corporation v. Planning and Zoning Board, 167 Conn. 182,355 A.2d 91 (1974). The Commission gave reasons for its action. Connecticut General Statutes 8-3c. On appeal, this court reviews the record before the Commission to determine whether it acted fairly, with proper motive, or upon valid reasons. The reasons must be pertinent and reasonably supported by the record. Credibility of witnesses is for the Commission to resolve. Spectrum of Connecticut Inc. v. Planning and Zoning Commission,13 Conn. App. 159, 535 A.2d 382 (1988). The appeal judge does not substitute the court's judgment for that of the Commission. This court does not decide de novo. Furthermore, plaintiffs have the burden of proving the Commission acted improperly. Blaker v. Planning and Zoning Commission, 212 Conn. 471, 478, 562 A.2d 1093
(1989).
The plaintiffs have not met their burden. The record does support the reasons advanced by the Commission.
 III.
While this appeal was pending, the plaintiffs moved for leave to take a deposition of Lee Davies, the Hamden Traffic Engineer. The motion was denied, per Practice Book 243. Motion 104.
The plaintiffs then filed a motion under 8-8 (e) to allow evidence outside the record. This motion was also denied by a different judge. Motion 106.
Plaintiffs' brief indicates these prior efforts were designed to clarify the status of Mr. Davies who may not be a Connecticut CT Page 4559 licensed engineer. Section 20-299.
Plaintiffs claim that Mr. Davies, if unlicensed, would not be a proper witness so that his contribution fatally flawed the Commission's decision. At oral argument plaintiffs also wanted to probe why Davies at the executive session on January 4 abandoned his opposition to the access driveway layout.
The record, however, is silent on the qualifications of Mr. Davies, so plaintiffs in their brief request that the court hear additional evidence on this issue.
There is no motion pending before the court to again raise the licensing issue. The court sees no reason on its own motion to allow evidence and it is even less inclined to act as a reviewing court for motions 104 and 106. See, Breen v. Phelps,186 Conn. 86, 97-101, 439 A.2d 1066 (1982) law of case.
But even if the matter was before me, a 8-8 (e) request would be denied, and, even if Mr. Davies were not licensed, his involvement did not taint the decision of the Commission.
 a.
Applications for Special Permits must include a Site Plan. Regulations 840. Site Plan application may be referred to any Town department to submit a report on matters that are of concern to it in connection with its own responsibilities. An advisory report on the site plan was submitted by Mr. Davies on August 25, 1989. Record 60. See also Record 63. There is a presumption that the traffic engineer acting officially properly performed his duty. Aczas v. Stuart Heights, Inc., 154 Conn. 54, 221 A.2d 589
(1966). The Commission determines evidentiary weight and credibility of witnesses. Primerica v. Planning and Zoning Commission, 211 Conn. 85, 558 A.2d 646 (1989). Even expert testimony is considered, weighed and tested like any other. State v. Kelly, 77 Conn. 266, 58A. 705 (1904). The licensing statute itself does not bar submission of testimony nor do the Regulations require that witnesses regarding traffic be licensed. Sections20-307a, 20-310; Regulations 843.
There is no suggestion that Mr. Davies did not meet town specifications for his job, nor is it clear that his occupation must be licensed. Section 20-37a. The plaintiffs could have questioned the qualification of the traffic engineer at any time during the process. They did not do so. It was the applicants who attempted to raise the issue of state registration of an opponent witness. Transcript January 4, 1990, pp. 51-52.
b. CT Page 4560
The traffic engineer believed considerable confusion would be experienced by an access driveway 500 feet away from the building and unmarked. However, there will be an illuminated sign at the driveway; the Commission addressed its problem and also set condition 6 for a sign at the nearby intersection.
Plaintiffs complain the engineer shifted his position about driveway access for emergency vehicles. The engineer had been concerned that the initial Site Plan or the Traffic Impact Study supplied by the church did not provide for free access by emergency vehicles. Record 178 and 66. Following the public hearings the Commission reviewed the problem with Mr. Davies and Town Planner Gonzales and accepted a 24 foot driveway with a usable shoulder. Approval condition 1B. This should not have been a surprise to plaintiffs for at the October 6, 1989 hearing the applicant's traffic consultant revised the original access driveway to include a boulevard type entry to extend about one hundred feet in from the street with graded shoulder on one side of the drive for the entire length. At the rebuttal hearing on January 4, 1990 the consultant confirmed a seventy-five foot entry boulevard plus a twenty-four foot driveway; a usable shoulder of eight to ten feet was projected.
Consequently, beyond the boulevard entry, the width of the access driveway including shoulder will be thirty-two to thirty-four feet compared to a thirty foot width for a regular subdivision road. Mr. Davies was encouraged by these changes. His concern had not been width per se but access. An emergency vehicle could now enter the site even if cars were disabled in the driveway. This resolution of the Commission was reasonably supported by all the evidence.
Even if Davies lacked formal credentials his input did not flaw the overall fulsome record in support of the Commission's decision on either the access driveway or general traffic conditions.
 IV.
Plaintiffs suggested an on site viewing. The court cannot substitute its judgment by observing the site involved Petrillo v. Board of Zoning Appeals, 167 Conn. 469, 473, 162 A.2d 508
(1960). Considering the voluminous record which the court has read and the limited nature of a special permit/site plan appeal the court respectfully declines the invitation.
However the court does commend all the participants in the hearing process. These hearings can degenerate into inflammatory bombast. Instead, the transcript reveals a sense of civility as CT Page 4561 each speaker marshalled the argument. The level of discourse was impressive, whether the analysis was advanced by expert or by neighbor.
Accordingly the decision of the Commission is affirmed and this appeal is dismissed.
SAMUEL S. GOLDSTEIN, JUDGE.