[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above entitled matter was orally argued before the court on April 26, 1993 at which time the parties agreed that the issues would be submitted to the court based upon the defendants' CT Page 4753 objections to the acceptance of the report of the Attorney Trial Referee ("A.T.R.") and upon the plaintiff's argument that the injunctive relief recommended by the A.T.R. should afford greater relief to the plaintiff.
The case arises out of a sale by the defendants to the plaintiff of property located at 8 Tower Lane in Old Greenwich, Connecticut ("Old Greenwich property"). At the closing the plaintiff paid the purchase price for the property and received a warranty deed containing a covenant against incumbrances. At that time, there were two mortgages that were not released under circumstances hereinafter discussed. One of those mortgages has subsequently been released and, accordingly, the issue presently before the court concerns solely a mortgage granted by the defendants to Tauck Tours for the sum of $30,000.00. The Tauck Tours mortgage was related to the sale of other property, located in Westport, by the defendants to Tauck Tours. The mortgage on the Old Greenwich property was granted as security to guarantee the possible future obligations of a tenant in the Westport property for the reasonable rental value of two boat slips which the tenant in the Westport property could use and which had a value of between $1,000 and $1,500 for each slip per season. The obligation guaranteed by the defendants involved payments by them of any losses that Tauck Tours might suffer from its purchase of the Westport property as a result of the use of two boat slips by the tenant. The obligation for which the mortgage provided security, was also secured by a cash escrow account of $20,000.00 which, at the time of the trial before the A.T.R., had funds remaining in the account in the amount of $4,420.00. As of the date of the hearing, the defendants did not owe Tauck Tours anything with respect to the $30,000.00 mortgage. The tenant in the Westport property who had the right to use the boat slips, had a right to renew which, at the time of the trial, had not been exercised. At the hearing before the A.T.R., a representative of Tauck Tours testified to the fact that so long as the defendants continued to pay Tauck for the use of the slips by the tenant there would be no obligation under the mortgage. The A.T.R. found that there was no proof of dollar damages produced at the trial and therefore recommended that no dollar damages should be awarded.
Both parties were represented by attorneys at the closing. However, the defendants' attorney was on vacation and arranged for another attorney to substitute for him. Neither defendant was aware of the substitute attorney's representation until shortly before the closing when they went to their attorney's office to CT Page 4754 sign various papers required at the closing. At that time, the defendants signed a document authorizing the substitute attorney to represent them and authorized him to deliver documents upon the receipt of the balance of the purchase price. The documents made no reference to the Tauck mortgage or the other unreleased mortgage. Prior to the closing, Tauck Tours was approached by the defendants' attorney and by one of the defendants with respect to the release of the mortgage. The defendants were not aware that the closing would take place without a disposition of the Tauck mortgage and did not realize that the mortgage was not released as of the closing until sometime after the closing.
Prior to the closing, the attorney for the defendants had advised the plaintiff's attorney that the unreleased mortgages would either be paid off or would be shifted to other property of the defendant, but in any event, would be released. At the closing, the attorney for the plaintiff received an unsigned document proporting to release the Tauck mortgage and was shocked when he did not receive a release of that mortgage. The secretary for the defendant's attorney assured the attorneys that the release of the Tauck mortgage would be forthcoming and, based upon what she said, the closing proceeded. Prior to the closing, there had been a telephone conversation between the plaintiff's attorney and the secretary for the defendant at which time the attorney was advised that there would be no problem with obtaining any release.
The plaintiff's attorney informed his title company of the state of the title and of the representations from the office of the defendants' attorney and, based upon those representations, no exceptions appeared in the plaintiff's title policy with regard to the Tauck mortgage. When the defendants signed the various closing papers, they did not intend to give the substitute attorney the authority to close without the disposition of the Tauck mortgage. No action has been commenced by Tauck with respect to their mortgage and there has been no notice of default received by the plaintiff with regard to that mortgage.
The A.T.R. has recommended that judgment be granted in favor of the plaintiff on the request for injunctive relief and that the defendant be ordered to obtain a release from Tauck Tours or earlier of the following times: (1) on the sale of the plaintiff's property; (2) upon a refinancing of the property which requires a release of the mortgage; (3) at such time as Tauck Tours may commence any action or threaten to commence any action on the Defendant's default which is not curred within 30 days on notice to CT Page 4755 the defendants; or (4) upon the maturity of the mortgage. The plaintiff argues that the recommended injunctive relief is insufficient and requests the court to order the defendants to cause the mortgage to be released within a definite time period.
The defendants object to the acceptance of the report on various grounds including: (1) that the defendants are not in violation of their warranties for the reason that the deed was not authorized to be delivered to the plaintiff; (2) that the defendants are not in violation of their warranties because the contract of sale provided that delivery and acceptance of the deed shall be deemed to constitute full compliance with the representations in the sales contract or in connection with the transfer; (3) that the court erred in overruling the defendant's objections to the plaintiff's request to amend the complaint filed at the conclusion of the plaintiff's case so as to allege, for the first time, a request for injunctive relief; (4) that there was no evidence to support a finding of irreparable harm or lack of a adequate remedy of law; (5) that the terms of the imposed injunctive order are improper in form and not supported by the evidence; and (6) that the complaint and application for injunction are not verified as required by law.
"An incumbrance is defined as `every right to or interest in the land which may subsist in third persons, to the diminution of the value of the land, but consistent with the passing of the fee by the conveyance' and includes a monetary charge such as a mortgage." Frimberger v. Anzellotti, 25 Conn. App. 401, 405 (1991) citing Aczas v. Stuart Heights, Inc., 154 Conn. 54, 60 (1966). In the present case, the plaintiff accepted a warranty deed from the defendants and the defendants accepted the consideration therefor. The warranty deed contained a covenant against incumbrances and the Tauck Tours mortgage constitutes an incumbrance on that property and, accordingly, the covenant against encumbrances was broken at the moment the deed was delivered. Davis v. Lyman, 6 Conn. 249,253 (1826).
As a general rule, damages are recoverable for the breach of a covenant against incumbrances so that plaintiff will be compensated for the actual damage sustained by the breach of the covenant which generally requires either an eviction or a discharge of the covenant. See, Beecher v. Baldwin, 55 Conn. 419, 428
(1887); Briggs v. Morse, 42 Conn. 258, 260 (1875). The plaintiff asserts that such rules are not applicable to suits in equity. See, 20 Am. Jur. 2nd, [20 Am.Jur.2d], Covenants, Conditions and Restrictions 138; CT Page 4756 Annot. 44 A.L.R. 410 (1926). However, the plaintiff has not cited any case indicating that a mandatory injunction, in the nature of the one here requested, is appropriate.
"A covenant against incumbrances is considered as one for indemnity only. . . ." 4 Tiffany Property 3d Ed. (1975) 1018. Thus, it is stated: "[A] covenant against incumbrances, stands on a ground altogether different from the covenant of seisin, or of good right to convey. On an incumbrance not extinguished, the grantee can only recover nominal damages; but if it has been extinguished, the sum recoverable, is the full amount of the payment, which the party has been compelled to make. The above rule is founded on this reason, that such covenant is considered as strictly a covenant of indemnity, and that the grantor ought not to recover the value of the incumbrance, on a contingency, when he may never be disturbed by it. This is a reasonable rule; for if he were to recover the value, for example, of an outstanding mortgage, the mortgagee might still resort to the defendant, on his personal obligation, and compel him to pay it; and if the purchaser feels the inconvenience of the existing encumbrance, and the hazard of waiting until he is evicted, he may go and satisfy the mortgage, and then resort to his covenant . . ." Mitchell v. Hazen, 4 Conn. 495,511-512 (1823) (citations omitted.) (emphasis supplied).
To grant injunctive relief in the present case, would constitute a change in the nature of the covenant against incumbrances from a covenant to indemnify into an agreement to rectify the deficiency. In the present case there is a mortgage, which is not now in default, which was granted to secure the obligation of the defendant to pay pursuant to their agreement with the purchaser of the Westport property. There was, at the time of the hearing, funds held in escrow for the payment of that obligation and it is entirely possible that the plaintiffs herein will suffer no damages as a result of the existing incumbrance.
Moreover, "[A] mandatory injunction does not automatically arise from the showing of an enforceable legal right . . . In order for the plaintiff to be entitled to this remedy, `[t]here not only be a violation of the plaintiff's rights, but such a violation as is, or will be, attended with actual or serious damage". . . . Injunctions are not granted in cases where the plaintiff has an adequate remedy at law. . . Cahill v. The Board of Education, 187 Conn. 94, 97-98
(1982).
The court therefore holds that mandatory injunction is not an CT Page 4757 appropriate remedy for a breach of a covenant to indemnify under the facts herein presented and that the plaintiff has an adequate remedy at law, for an obligation to indemnify, in the form of a cause of action for monetary damages. Except to the extent stated herein, the court overrules the remaining objections filed by the defendants, and judgment may enter for the plaintiff in the amount of $1.00 as nominal damages.
RUSH, J.