[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE (#108)
I. Facts:
The plaintiff, Andrew J. Dowd, filed a three count revised complaint (complaint) against the defendants, Toni L. D'Addeo and Antonio M. D'Addeo. The complaint alleges that the defendants sold the premises located at 8 O'Connell Road, East Haddam, Connecticut (the premises) to the plaintiff pursuant to a warranty deed. The first count alleges that the defendants made fraudulent misrepresentations in order to induce the plaintiff to purchase the premises. The second count alleges that the defendants breached a covenant in the warranty deed to warrant and defend the premises against all claims and demands due to the misrepresentations made by the defendants. Count three alleges innocent misrepresentation as a result of the defendants' alleged misrepresentations. CT Page 608
On August 2, 1999, the defendants filed a motion to strike (#108) paragraphs 3(a) through (d) and 6(a), (c) and (d) of counts one and three of the plaintiff's complaint on the grounds that these paragraphs do not support the claims of fraudulent and innocent misrepresentation. Additionally, the defendants move to strike count two on the ground that it fails to state a claim of breach of a warranty deed.
II. Discussion:
A motion to strike challenges the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted; internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 588,693 A.2d 293 (1997). If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Bhinder v. Sun Company, Inc.,246 Conn. 223, 226, 717 A.2d 202 (1998).
A. Counts one and three:
The defendants move to strike paragraphs 3(a) through (d) and 6(a), (c) and (d) of counts one and three on the grounds that the plaintiff cannot rely on the warranty deed and other representations regarding the state of the title of the premises (specifically the Residential Property Condition Disclosure Report, the acreage size of the premises in the broker's listing and an affidavit concerning knowledge of title defects) to establish his claims for fraudulent and innocent misrepresentation. The defendants further argue that the Residential Property Disclosure Report has an exclusive remedy which does not include fraud or negligence claims.
"[W]here individual paragraphs standing alone do not purport to state a cause of action, a motion to strike cannot be used to attack the legal sufficiency of those paragraphs." (Citation omitted; internal quotation marks omitted.) Shaw v. Giannini,
Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 464645 (January 10, 1996, Arena, J.). "A single paragraph or paragraphs can only be attacked for CT Page 609 insufficiency when a cause of action is therein attempted to be stated." (Internal quotation marks omitted.)[1] Zimmerman v.Connecticut College, Superior Court, judicial district of New London, Docket No. 544623 (July 2, 1998, Handy, J.). The paragraphs the defendants seek to strike do not, in themselves, attempt to state a separate cause of action. Accordingly, the defendants' motion to strike the paragraphs in counts one and three ought to be denied.[2]
B. Count two:
The defendants move to strike count two on the grounds that the allegations are insufficient to establish a claim for breach of a covenant in a warranty deed. In count two of the complaint, the plaintiff alleges that "[i]n the warranty deed the Defendants covenanted to warrant and defend the premises to the Plaintiff against all claims and demands whatsoever." The plaintiff further alleges that "[t]he Defendants breached that covenant contained in the Warranty Deed . . . in that a building located in the premises described therein is owned by a third party; that the driveway to the subject premises is located in part on a neighbor's abutting property; and that the premises itself does not conform in configuration or size to the legal description contained in said Warranty Deed. . . ." Additionally, the plaintiff claims that he "has sustained damages in that the premises are worth substantially less than the purchase price at the time of sale and that he will be compelled to incur additional expenses to resolve the building encroachment and relocate his driveway."
Under General Statutes § 47-36d, a warranty deed contains the following four covenants: (1) the covenant of seisin; (2) the covenant of the right to convey; (3) the covenant against encumbrances; and (4) the covenant of warranty. SeeRosenblum v. Eisenhauer, 29 Conn. Sup. 216, 220, 280 A.2d 537
(1971). The covenants of seisin and the right to convey "guarantee to the grantee that the grantor owns the estate which the deed purports to convey." (Citation omitted; internal quotation marks omitted.) Id. "The covenant against encumbrances is a guarantee that there is no right or interest in the land conveyed which may subsist in a third person to the dimunition of the value of the land, but consistent with the passing of the fee by the conveyance." (Citation omitted; internal quotation marks omitted.) Id. Lastly, with respect to a covenant of warranty, "the grantor . . . covenants that his title is good and that he CT Page 610 will warrant and defend it against all lawful claims and demands existing at the time of the grant." Faillace v. Solderholm,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 0322549 (October 27, 1997, Melville, J.).
The plaintiff's complaint sounds in breach of the covenant of warranty. "A breach of [the] covenant [of warranty] occurs when, and only when, the grantee suffers an eviction under a paramount title. . . . [T]he eviction may be either actual or constructive."Doerrer v. Weyer, Superior Court, judicial district of Middlesex at Middletown, Docket No. 59718 (March 5, 1993, O'Connell, J.); see also Zandri v. Tendler, 123 Conn. 117, 121, 193 A. 598
(1937). "On an incumbrance not extinguished, the grantee can only recover nominal damages. . . . [T]he grantor ought not to recover the value of the incumbrance, on a contingency, when he may never be disturbed by it." Edwards v. Miller, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 098028 (May 14, 1993, Rush, J.). "The mere existence of a paramount title which has never been asserted generally does not amount to a constructive eviction which will support an action for breach of a general covenant of warranty." 20 Am.Jur.2d 510 Covenants § 56 (1995).
In the present matter, the plaintiff does not allege that an actual or constructive eviction has occurred. Nor does the plaintiff allege that anyone with paramount title has asserted any claims against him. Therefore, the plaintiff has failed to allege sufficient facts to support a claim for breach of the covenant of warranty.
With respect to the plaintiff's allegations in count two concerning the shed and the driveway, even if the complaint had been pleaded as sounding in breach of the covenant of encumbrances, the plaintiff would not have a legally sufficient claim. An encumbrance "must be a lawful claim or demand enforceable against the grantee." Aczas v. Stuart Heights, Inc.,154 Conn. 54, 60, 221 A.2d 589 (1966). Count two is devoid of any allegation that there has been any legitimate claim or demand made on the real property. The plaintiff makes no allegations of any legitimate claim as to the ownership of the shed or the ownership of the land on which the plaintiff's driveway is in part located. The plaintiff only makes reference to the shed and a portion of the driveway being owned by unnamed third parties. Accordingly, the plaintiff has failed to allege that a legitimate claim or demand has been made for a claim for breach of the CT Page 611 covenant of encumbrances.
Moreover, with respect to the plaintiff's allegation that the premises does not conform with its legal description, assuming that the plaintiff pleaded a claim for breach of the covenant of seisin or the covenant of the right to convey, the plaintiff still would not have a proper claim. "Where boundaries of land are described by known and fixed monuments which are definite and certain, the monuments will prevail over courses and distances." (Internal quotations marks omitted.) Velsmid v. Nelson,175 Conn. 221, 227, 397 A.2d 113 (1978). In the warranty deed, three of the four directional descriptions setting forth the corner boundaries of the premises are indicated by the location of markers. The final measurement needed to complete the dimensions of the premises would be to connect the first and third markers. Accordingly, the plaintiff would have no claim under the covenant of seisin or the covenant of the right to convey.
III. Conclusion:
For the reasons herein stated, it is concluded that the defendants' motion to strike paragraphs 3(a) through (d) and 6(a), (c) and (d) of counts one and three of the plaintiff's complaint ought to be and is hereby denied and the defendants' motion to strike count two of the plaintiff's complaint ought to be and is hereby granted.
By the court,
Arena, J.