[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
The plaintiff, Michael Ostigny, a New Haven police officer, filed an amended complaint on March 30, 2000, alleging separate counts of negligence in a slip and fall accident against defendants, F K, LLC ("F K"), Helen and Paul Ikonomon, and Da Sing Corporation. On June 26, 2000, the City of New Haven filed an intervening complaint against the Ikonomons, F K and Da Sing Corporation, seeking reimbursement of the expenses it allegedly paid to and on behalf of the plaintiff for the injuries which arose out of the slip and fall.
The plaintiff alleges in the complaint that, while acting in his capacities as a police officer, the plaintiff slipped and fell on ice in the parking area located behind each defendants' property. The plaintiff further alleges that the approximate location of the fall was sixteen feet from the northeast corner of the building located at 425 Winthrop Avenue in New Haven, Connecticut and seventeen feet from the rear premises located at 344 Whalley Avenue in New Haven. The plaintiff alleges that F K owns and possesses the property at 425 Winthrop Avenue, the Ikonomons own and possess the property at 344-350 Whalley Avenue and Da Sing owns and possesses the property at 336-344 Whalley Avenue. On August 17, 2000, F K filed a motion for summary judgment on the ground that F K is not liable for the plaintiff's injuries because it does not own, possess or maintain the parking lot where the alleged fall occurred.[1] On September 19, 2000, the plaintiff filed a memorandum of law in opposition to F K's motion for summary judgment.[2]
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Miles v. Foley, 253 Conn. 381, 385,752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . .The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Citations omitted.) Id., 386.
F K moves for summary judgment on the ground that there is no issue of material fact and it is entitled to judgment as a matter of law. F K asserts that it does not own, possess or maintain the parking lot where the defendant fell. In support of this assertion, F K filed an CT Page 16209 affidavit of Pasquale Minore, as well as a copy of a certified City of New Haven tax assessment map of the relevant properties. In Minore's affidavit, he states that the fall occurred on property owned by 344 Whalley, as shown on the tax assessment map.
The affidavit of Minore is self-serving and not conclusive as a matter of law. See Williams v. Priddy, Superior Court, judicial district of Waterbury, Docket No. 118456 (January 18, 1996, Fasano, J.). The tax assessment map is insufficient proof to show where the fall actually occurred. The defendant fails to assert that the tax assessment map was properly surveyed or that it correctly shows the property boundaries to exact scale. Without a foundation showing the accuracy of the map, F K fails to meet its burden of showing there is no genuine issue of material fact about where the plaintiff allegedly fell and whether F K was in possession and control of the property. See Susman v. New Haven, Superior Court, judicial district of New Haven at New Haven, Docket No. 337410 (December 4, 1995, Hodgson, J.) (without a foundation of a survey or testimony as to the accurateness of the assessment map, court held map not admissible in a trial to determine property boundaries); see alsoAczas v. Stuart Heights, Inc., 154 Conn. 54, 56, 221 A.2d 589 (1966) (map prepared by licensed land surveyor correctly admitted in trial).
For the foregoing reasons, F K's motion for summary judgment is denied because the motion and supporting documentation fail to affirmatively show that there is no genuine issue of material fact as to the issue of whether F K possessed and controlled the site where the plaintiff allegedly fell.
Howard F. Zoarski Judge Trial Referee